### THOMAS H. LANGHAM ET AL. V. J. F. LANIER.

#### No. 505.

1.  **Assignment for Benefit of Accepting Creditors.**—An assignment under the statute for the benefit of accepting creditors conveys all the property mentioned therein to the trustee.  Such trustee has the right to sue for and recover its value from a nonaccepting creditor who has attached a part of it and had it sold, and received the proceeds in payment of his debt, although the assignee had in his hands assets amply sufficient to pay in full the debts due to all accepting creditors.

2.  **Insolvency.**—When the deed of assignment made a part of the pleadings demurred to shows that the assignors were unable to pay their debts in the ordinary course of their business, such inability is, in judgment of law, insolvency, and the petition is good against a special demurrer claiming that the pleadings show on their face that assignors were not insolvent, but only temporarily embarrassed.

3.  **Partnership Assignment; Debt Due to Member.**—Assignment being made by a partnership, a debt due by it to one of its members passes by the deed of assignment to the assignee (being in the schedule of debts).  This debt was subject in his hands to garnishment by any nonaccepting creditor, if not necessary to satisfy the debts of accepting creditors, and a court of equity, upon the application of any creditor, would restrain the assignee from paying any money to the member of the firm to whom the debt was due, until all the firm creditors had been paid.

APPEAL from Jefferson.    Tried below before Hon. STEPHEN P. WEST.

*Greer & Greer* and *D. P. Wheat*, for appellants.—1.  The plaintiff's pleadings, showing that the assigning firm of S. C. Pittman was solvent at the date of the assignment, in that its assets amounted to $5500 and its liabilities to $4105 (which includes $912 due one of the assignors, as shown by said assignment), and that the embarrassments of the assignors were only "temporary and partial," rendered the assignment void and showed no cause of action in plaintiff, and the court erred in overruling defendant's general demurrers to said pleadings on that ground.    Rev. Stats., art. 65a; Donoho v. Fish Bros., 58 Texas, 166; Still v. Focke, 66 Texas, 715; Focke v. Blum, 82 Texas, 440; Kittrell v. Blum, 77 Texas, 336; Turner v. Douglass, 77 Texas, 621; Welsh v. Britton, 55 Texas, 118; Kellogg v. Cayce, 84 Texas, 213; Turnipseed v. Schafer, 76 Ga., 109; 2 Am. St. Rep., 1; Windham v. Patty, 62 Texas, 493.

2. The law does not undertake to make assignments for debtors; it provides how assignments may be made, and aids and makes complete an assignment which evidences an intention of the debtor to comply therewith; and to hold that the law would pass to the assignee the $912 claimed by Mackan, in the face of his sworn statement and the evidence that he was attempting to hold it as a liability against the assigned assets, is making for the makers of the deed a contract which they never intended, "and this the law does not undertake to do." Donoho v. Fish Bros., 58 Texas, 167; Keating v. Vaughan, 61 Texas, 521.

*O'Brien & O'Brien* and *Douglas & Lanier*, for appellee.—1. The plaintiff's pleadings do not show that the assigning firm of S. C. Pittman or its members were solvent at the date of the assignment; but the whole record does show, that they were insolvent, and the court necessarily so found by its judgment, and it is conclusive, and not erroneous.    2 Burr. Law Dic., "Insolvency," p. 83; Id., "Solvency," p. 475; Burr. on Assign., 3 ed., par. 63, p. 82; Id., "Solvent," p. 82, et seq.

2. The firm of S. C. Pittman had the right, in their statutory assignment, and it was their duty to show that Mackan, a member of said firm and one of the assignors, who joined in transferring all of his property, partnership and individual, to the assignee, and who was by law made liable primarily for all the debts of said firm, was also an individual creditor of said firm, ultimately, in the sum of said $912, and was legally entitled to be paid said sum out of the assets of said firm, ultimately, after the debts of the firm to other parties had been paid, and without making said Mackan, by said assignment, a preferred creditor, as was done in Welsh v. Britton, 55 Texas, 118; Rev. Stats., arts. 65a, 65b, 65f, 65h, 65s; Keating v. Vaughn, 61 Texas, 518; Schoolher v. Hutchins, 66 Texas, 324; Fant v. Elsberry, 68 Texas, 1; McCart v. Maddox, 68 Texas, 457; Moody v. Carroll, 71 Texas, 145.

3. When an assignment under our statute is made by a firm, each and all of the members of said firm individually executing the same, and conveying all their property and effects, both as a partnership, and as from each individual member of said firm, for the benefit of all creditors who shall accept such assignment, and receiving not less than one-third the indebtedness due them, shall release the assignors, the rights of the accepting creditors attached to such property assigned, in the hands of the assignee, and no act of the assignor or assignee, or of both at the time the assignment is made, or preceding it, but in contemplation of it, though done with intent to defeat, delay, or defraud creditors, will authorize a creditor to treat the assignment as void, or justify his attachment of the assigned property to the prejudice of other creditors.    Blum v. Welborne, 58 Texas, 157; Coffin v. Douglass, 61 Texas, 406; Windham v. Patty, 62 Texas, 492, 493; Pig-

gott v. Schram, 64 Texas, 453; Johnson v. Robinson, 68 Texas, 399; Moody & Co. v. Carroll, 71 Texas, 146; Turner v. Douglass, 77 Texas, 619.

PLEASANTS, ASSOCIATE JUSTICE.—On the 27th of September, 1892, S. Pitman and R. E. Mackan, composing the firm of S. C. Pitman, of Beaumont, Texas, made a deed of assignment to J. F. Lanier, a resident of Jefferson County, Texas, of all the property, real, personal, and mixed, owned by said firm, and of all the property owned by each member thereof, except such as by law is exempt from forced sale, for the use and benefit of such of the creditors only of said firm, and of each of the assignors, as would consent thereto, and would accept their proportionate share of the funds arising from sale of said property, and release the assignors from all other or further liabilities; provided, the proportionate share of each of such creditors in said funds should equal one-third of the debt due him. To this deed was annexed the schedule and the affidavit required by article 65b of the Revised Statutes, and the deed was duly acknowledged and recorded as the statute directs; and the assignee accepted the trust and duly qualified himself for administering the trust, and took possession of the property; and while he was in possession thereof, the sheriff of Jefferson County, by virtue of two writs of attachment issued to him from the clerk's office of the District Court, in suits numbers 1286, A. Lehman & Co. v. S. C. Pitman, and 1207, Katz & Barnett v. S. C. Pitman, seized and levied upon a portion of the said property so conveyed to said Lanier, consisting of wares and merchandise, and of the alleged value of $2096.96.

On October 20th, J. F. Lanier, the assignee, instituted this suit against the sheriff, T. H. Langham, for the recovery of damages for the seizure and appropriation of the goods under said writs of attachment. The sheriff answered by general and special exceptions, and general denial. The sheriff also prayed, that the plaintiffs in the two suits numbers 1286 and 1287, A. Lehman & Co. and Katz & Barnett, with their sureties upon the indemnifying bonds, executed respectively by said plaintiffs to the sheriff, be made parties defendant; and that if plaintiff recover of him, that he have judgment over against the said Lehman & Co. and the said Katz & Barnett, and their respective sureties. The said Lehman & Co. and the said Katz & Barnett and their said sureties waived service and made themselves parties defendant; and after various amendments by the plaintiff and defendants, and interlocutory judgments of the court, the cause was finally tried by the judge of the court, without a jury, on the 10th of June, 1893, and judgment was rendered for the plaintiff for $2096.96, the value of the goods seized under the attachments, and interest and costs of

suit. The defendants appealed, and they now present five assign-
ments of error, only two of which do we deem it necessary to discuss.

The first error assigned, stated succinctly, is, that the court erred in
overruling defendants' exceptions to plaintiff's petitions, amended and
supplemental; because (1) said pleadings showed on their face that the
assignors, at the date of their deed to plaintiff, were not insolvent, but
were merely temporarily embarrassed and unable to pay in cash their
liabilities then due; and because (2) the schedule of indebtedness· of
the assignors, Pitman & Mackan, referred to and made part of the
petition, shows the said Mackan to be the largest of the creditors of
the said firm, composed of Pitman & Mackan.

· The deed of assignment, which is referred to and made part of the
pleadings excepted to, shows that the assignors were unable to pay
their debts in the ordinary course of their business; and such inability
is, in judgment of law, insolvency. Blum v. Wellborne, 58 Texas, 157.

The debt recited in the schedule as due from the partnership to the
assignor Mackan was conveyed by the deed of assignment to the
assignee, and was subject in his hands to garnishment by any creditor
not accepting under the deed, if not necessary to satisfy the debts of
such of the creditors as showed assent to the assignment. The assignee
would also be restrained by a court of equity, upon application of any
creditor, from paying any sum of money to the assignor Mackan until
after all his creditors had been paid their debts. No fraudulent act or
intention of the assignor will have the effect to defeat the assignment.
Rev. Stats., art. 65f. Moreover, including Mackan among the credit-
ors of the insolvent firm, if he were in fact a creditor, was in accord-
ance with the requirements of the statute.

The assignment was not void for either of the causes for which it
was challenged by the defendants; and the court did not err in over-
ruling the defendants' exceptions.

The defendants' fourth assignment assumes, that the judgment of
the court is oppressive and unjust, because the facts show that the as-
signee had in his hands assets amply sufficient, after deducting the
value of the goods taken from him under the writs of attachment sued
out by defendants, to pay in full all debts due to all creditors other
than Lehman & Co. and Katz & Barnett; and to defray all legitimate
expenses incident to administering the estate by the assignee. It is
unnecessary to inquire whether the evidence would have warranted
such an assumption by the court. The deed of assignment conveyed
all the property owned by the assignors to the plaintiff in this suit,
and none of such property was subject to attachment by any creditor
of the assignors. And the defendants, Lehman & Co. and Katz & Bar-
nett, committed a trespass in seizing and appropriating the goods, and
for such seizure and conversion they became liable to the assignee for
damages, at least to the value of his property so seized and appropri-

ated. And it is no defense to this suit, that the assignee has left in his hands assets sufficient to effect the purposes of the assignment. This assignment by defendants also assails the judgment as erroneous, in that the amount adjudged as the value of the goods appropriated by defendants is excessive. The court found the value to be that at which the goods were appraised by the sheriff at the time of the levy of the attachments; and the evidence, in our judgment, warranted the court in so finding.

We are of the opinion that there was no error committed by the court which would justify us in reversing the judgment, and the same is affirmed.

*Affirmed.*

Delivered April 5, 1894.

Writ of error refused by Supreme Court, June 4, 1894.