J. V. CUNNINGHAM ET AL. v. ABDON HOLT, ASSIGNEE.

No. 2021.

1. **Former Judgment—Res Judicata.**

   In an action brought by an assignee for the benefit of creditors against a non-accepting creditor who had seized the goods by attachment, a judgment in another action between the assignor and such attaching creditor, in favor of the assignor for a small part of the property attached as being exempt property, and to which action the assignee was not a party, is not admissible in evidence as res judicata.

2. **Same—Appeal Pending.**

   A judgment from which an appeal or writ of error is pending will not sustain the plea of res judicata.

3. **Assignment for Benefit of Creditors—Defense—Evidence.**

   In an action of conversion brought by an assignee for the benefit of creditors against a non-accepting creditor who has attached the property, evidence is inadmissible to show that the assignee has sufficient property in his hands to pay the claims of all the accepting creditors.

**4. Same—Assignee's Bond—Approval.**

Where the bond of an assignee for the benefit of creditors has been approved and filed with the county clerk, the action of the judge approving it can not be called in question in a suit by the assignee against one who wrongfully takes the assigned property.

**5. Motion to Dismiss after Continuance of Cause.**

After a cause has been continued for the term by order of court, a motion to dismiss because a cost bond has not been given as required by rule entered at a former term, comes too late.

**6. Bill of Exceptions—Exclusion of Evidence.**

A ruling of the trial court in excluding evidence will not be disturbed where the bill of exceptions fails to show the ground on which the evidence was excluded.

APPEAL from Taylor. Tried below before Hon. T. H. CONNE

*J. W. Crawford, K. K. Leggett* and *S. P. Hardwick,* for appellants.— 1. Exempt property does not pass under a general assignment, and the assignor having by suit litigated with A. C. Nichols & Co., in the original suit out of which the attachment in question was issued, and a court of competent jurisdiction having determined that property of the value of $475 was exempt property, and did not pass to the assignee, and the assignee in this case having sued to recover exempt as well as other property, such judgment was res judicata, and decisive of the question as to how much exempt property was seized under the writ of attachment, and such judgment was binding upon the assignee, and should have been admitted in evidence in this case. Stephens, Evidence, 54; Loftin v. Nally, 24 Texas, 573; Conwell v. Hartsell, 16 S. W. Rep., 541; Lehman v. Stone, 16 S. W. Rep., 784; 7 Am. & Eng. Ency. Law, 76; Candee v. Lord, 51 Am. Dec., 294; Barney v. Dewey, 7 Am. Dec., 372.

2. The court erred in not allowing the proofs of claims allowed and proven up against the assignor N. Porter in the hands of the assignee, coupled with the statement by defendants that they would show that more than enough property and assets, excluding the property in controversy, had gone into the hands of the assignee to pay off and satisfy all of said claims that had been legally proven up, and expenses of assignment, which proof was objected to by plaintiffs and objection sustained by court. Said proof was admissible to show that some of the claims were fictitious and fraudulent and tended to substantiate the allegations of fraud plead by defendants.

*Fred Cockrell, Joe E. Cockrell* and *John Bowyer,* for appellee.—1. The judgment in the cause between N. Porter and Nichols & Co. was not admissible; (1) Because the parties were not the same; (2) Because the parties plaintiff herein sued in a different capacity from that in which plaintiff in said other cause sued; (3) The judgment offered in evidence was not a final judgment by reason of the pendency of an appeal; (4) Appellants failed to show by their pleadings, proof or judgment what particular items sued for herein had been adjudicated to be exempt in the former action. Railway v. Jackson, 85 Texas, 607; Maxwell v. Bank, 24 S. W. Rep., 848.

2. This being an action by the assignee, as the legal owner, to recover for the conversion of the property assigned, it was no justification for appellants to allege that the assignee did not need the whole of the assets of the estate to pay the creditors or that some of the debts were fictitious; the remedy of appellants was to garnishee the assignee, or to contest the allowance by the assignee of fictitious claims. Moody v. Carroll, 71 Texas, 148; Langham v. Lanier, 26 S. W. Rep., 255; Barber v. Hutchins, 66 Texas, 322.

HUNTER, ASSOCIATE JUSTICE.—On the 27th of June, 1892, N. Porter, who resided at Abilene, in Taylor County, made an assignment to H. A. Porter, of same county, of all his property, real, personal and mixed, for the benefit of all his creditors who would accept their proportional share of his estate and discharge him from their debts.

The assignee took possession of the goods, consisting of saddles, bridles, harness, whips, horse collars, and a general assortment of saddlery hardware, trimmings and findings, amounting in value to about $3500 or $4000, and was proceeding to execute the trust, when on July 2, 1892, the appellant J. V. Cunningham, who was sheriff of Taylor County, seized the goods under a writ of attachment which issued in the case of A. C. Nichols & Co. v. N. Porter, pending in the District Court of Taylor County, as the property of N. Porter.

On September 21, 1892, H. A. Porter, as assignee, instituted this suit against the said sheriff and his bondsmen for the value of said goods. On October 20, 1893, Abdon Holt, who had been appointed assignee by the county judge of Taylor County, was permitted to make himself a party plaintiff in place of H. A. Porter, who had resigned with a view to removing from the State.

The defendant Cunningham interpleaded A. C. Nichols & Co., A. P. Patrick, and J. F. Witzel as indemnitors, and on March 12, 1894, all of the defendants, including the indemnitors, answered by general and special exceptions and general denial, and specially answered, among other things, that N. Porter was not insolvent at the time of making the assignment, but was the owner of a large amount of real and personal property which was not included in the assignment and was not intended to pass thereby, the value of which was largely in excess of his indebtedness, and further, that in the original case of A. C. Nichols & Co. v. N. Porter, which had been tried and determined in the trial court, the said N. Porter, with the consent and assistance of the said H. A. Porter, claimed, and by judgment of said trial court recovered, the value of a large amount of the same property claimed in this cause by plaintiff, and that plaintiff should not be permitted to recover the same or the value thereof, for as to such items so claimed and recovered by N. Porter the matter is res adjudicata; that the articles so claimed by N. Porter were exempt from forced sale, and did not pass to the assignee, and that the plaintiff herein should not be permitted to recover the value of said exempt property. The exempt articles were set forth in exhibits A and B attached

to their answer, and consisted of tools and implements belonging to the trade of a saddler and harness and collar maker, and alleged to be of the value of $524. The defendants also allege that among the claims specified as being due and owing by said N. Porter, as set forth in the schedule annexed to his deed of assignment, were certain fictitious claims, and that said N. Porter was not indebted in any sum whatsoever by reason of said claims, and that the time of proving up claims had elapsed and that said assignee had in his possession more than sufficient assets to pay all the creditors of said N. Porter who had established their claim'

On the trial of the cause the defendants offered in evidence a judgment of the District Court of Taylor County in favor of N. Porter, against A. C. Nichols & Co., for $475, which he had recovered in October, 1892, in the original suit of A. C. Nichols & Co. against him, in which the attachment was sued out, for goods exempt from execution, which judgment the court excluded.

The court states in the bill of exception taken to his ruling in excluding this judgment, that in the suit of "A. C. Nichols & Co. v. N. Porter, N. Porter filed a plea of reconvention claiming and describing as exempt certain articles also described in plaintiff's petition in this suit. Porter on his plea of reconvention obtained a verdict for $475 for value of exempt property so taken, as appears in the judgment offered as stated in the bill. The verdict of the jury in no way described the particular articles found by the jury to have been exempt, nor did the judgment offered, nor was there any other evidence that would so show. The plea in reconvention described and claimed property of greater value, as alleged, than was found by the jury. The judgment offered was appealed from, and is now pending on appeal, as was shown at time the judgment was offered, and I failed to see how the judgment in suit of A. C. Nichols & Co. v. N. Porter would bind parties herein, and it was excluded as stated in the bill. The court permitted defendants herein to introduce N. Porter's plea in reconvention, for the purpose of showing what goods had been claimed by Porter, and I then instructed the jury to exclude from their finding herein such goods as in fact were exempt and as had been claimed by N. Porter as such."

We are of opinion that the court was correct in excluding this judgment.

1. Because H. A. Porter, in his capacity as assignee, was not a party to the suit in which it was rendered; and it would make no difference that N. Porter, the assignor, was a party, for the very obvious reason that the assignee, as such, represented the creditors of N. Porter, and if he had been a party to that suit different pleadings might have been filed, different evidence introduced, and consequently a different verdict and judgment might have been rendered. In order to estop him, in his fiduciary capacity, by a judgment affecting the trust property in his hands, he must be a party to the suit, and have an opportunity to be heard. He might have known facts that would have defeated the

claimant in that suit, and saved the estate to his cestuis que trust, and yet it would be no part of his duty to intervene, but he could stand on his own title and possession and compel a trespasser who had taken the property from him to pay him in damages the full value thereof.

Such a doctrine would be dangerous from another view; there could be collusion between the parties to the suit and the judgment obtained by reason of fraud against the rights of the assignee and accepting creditors, and these reasons apply even where the judgment has not been appealed from.

2. The bill of exception shows that this judgment had been appealed from and the appeal was then pending. In such cases it has been clearly decided by our Supreme Court that "an appeal or writ of error, whether prosecuted under cost or supersedeas bond, during pendency, deprives the judgment of that finality of character necessary to entitle it to admission in evidence in support of a right or defense declared by it." Texas Trunk Ry. Co. v. Jackson Bros., 85 Texas, 608. This court has followed the decision in the above cited case, in Maxwell v. Bank, 24 S. W. Rep., 848, where it is held that a judgment appealed from is not sufficient to sustain a plea of res adjudicata, and we approve and reaffirm those decisions.

It is contended that the court erred in refusing appellants' evidence offered to prove that they left enough property in the hands of the assignee, not levied upon by them, to satisfy all the claims of accepting creditors that had been legally proven up, as well as all expenses of the assignment. We think not, for the reason that the levy itself may have prevented many creditors from accepting; and if it had not, it does not lie in the mouth of a trespasser who seizes goods to which he is not entitled to thus profit by his own wrong. The action is complete in the assignee the moment he is deprived of the possession of the goods, and it would make no difference whether any creditor accepted or not. Writs of garnishment might have been served upon him, and thus non-accepting creditors could secure what was left in his hands after paying the claims of those who did accept, if any; but the law favors assignments for the benefit of creditors, and will protect assignees in their lawful possession of property dedicated to the payment of all creditors in equal proportion under the assignment laws of the State. Langham v. Lanier, 26 S. W. Rep., 255.

For the purpose of proving that he was solvent at the date of assignment, a written statement made by N. Porter to A. C. Nichols & Co., of date December 28, 1891, showing assets, including bills receivable, secured accounts, real estate and stock on hand, $16,507.44, total liabilities $11,002.33, was offered in evidence and excluded by the court, and it was also offered as a circumstance tending to prove that the assignment was made to defraud creditors; and this ruling of the court is assigned as error. We think the ruling was correct

The assignment in this case is not a common law assignment, but one in every respect complying with the terms of our statute. It recites

that: "Whereas owing to failure in crops and the continued depression in trade and stringency in money matters, I am totally unable to meet my obligations as they fall due, but being desirous of satisfying my creditors as far as I can by placing all my property of whatever kind at their disposal, reserving from the operation of this instrument every such property as is exempt from execution to me under the law, I, N. Porter, of the City of Abilene, Texas, for and in consideration of the sum of one dollar to me in hand paid by H. A. Porter, of said city and State, and the trust herein reposed, do by these presents grant, bargain, sell and convey unto the said H. A. Porter in trust for the benefit of any and all my creditors (a list of whom is hereto attached) as shall accept their pro rata share of all my available property and release me from further liability on their said claims, all of my real and personal property of whatsoever kind not exempt to me under the laws of Texas, consisting:" Then follows a description of his stock of merchandise and numerous town lots and tracts of land, and continuing:

"To have and to hold the above described property unto the said H. A. Porter and his successors in trust forever, the intention being to make an assignment of all my available property under the assignment law of the State of Texas, for the benefit of all my creditors who will accept their pro rata share of my property and release me from further liability thereon, and fully meaning and intending this assignment for the benefit of all my consenting creditors, whether omitted from the list hereto attached or not, and I do hereby turn over, and authorize the said H. A. Porter in the name and for the benefit of my said creditors to take immediate and absolute control and possession of my said property, and proceed at once to execute this trust.

"Witness my hand, 27th day of June, 1892.

"N. Porter."

Then follows a certificate of acknowledgment, and an inventory of property and list of creditors, the property estimated at $7,400, with incumbrances on the real estate to the amount of $2934. Sworn to by N. Porter, and a list of creditors (including A. C. Nichols & Co. for $2560.59) whose claims amount in the aggregate to $12,600.88.

The statute, article 65a, reads as follows: "Every assignment made by an insolvent debtor, or in contemplation of insolvency, for the benefit of his creditors, shall provide, except as hereinafter provided, for a distribution of all his real and personal estate, other than that which is by law exempt from execution, among all his creditors in proportion to their respective claims, and however made or expressed shall have the effect aforesaid, and shall be construed to pass all such estate, whether specified therein or not." Then follows a clause requiring acknowledgment and registration.

Article 65c reads as follows: "Any debtor desiring so to do may make an assignment for the benefit of such of his creditors only as will consent to accept their proportional share of his estate, and discharge him from their respective claims, and in such case the benefits of the assign-

ment shall be limited and restricted to the creditors consenting thereto, and such debtor shall thereupon be and stand discharged from all further liabilities to such consenting creditors on account of their respective claims, and when paid they shall execute and deliver to the assignee for the debtor a release therefrom; provided, that such debtor shall not be discharged from liabilities to a creditor who does not receive as much as one-third of the amount due and allowed in his favor as a valid claim against the estate of such debtor."

This last section, under which this assignment was made, provides that "any debtor," whether solvent or insolvent, may make the assignment.

It has been held in Langham v. Lanier, 26 S. W. Rep., 255, that insolvency within the meaning of this statute exists when "persons in the ordinary course of their business can not pay their debts when due, though the embarrassment be only temporary," and we fully concur in this decision.

We are inclined, however, to go a little further, and hold that the right to make an assignment under either article of this statute, does not depend upon a person's being insolvent or in contemplation of insolvency, and that it was not the intention of the legislature to restrict the right to make an assignment for the benefit of creditors, to those only who are insolvent or in contemplation of insolvency.

All solvent persons who are sui juris may transfer and assign their property when and to whom they please, and for such legal purposes as they please, without the aid of any statute; for this is one of the incidents inherent in the right to acquire property and is fundamental; but an insolvent debtor may not do so, if the transfer tends to hinder and delay his creditors in the collection of their debts; therefore the legislature, in order to protect this class of creditors and secure them this right, saw the necessity of naming them in the statute, not for the purpose of restricting the benefits of this statute to this class only, but to expressly extend it to them. This statute, therefore, was not intended to be restrictive in the class of persons who might avail themselves of its provisions, but was intended to extend to and insure the right to a class of unfortunate persons to relief under its provisions, whose right to make such disposition of their property was, under the rules governing common law assignments, very precarious and restricted.

Then, according to our views, the validity of the assignment in this cause would not be affected, one way or the other, by the solvency or insolvency of the assignor, and the evidence offered was wholly immaterial and properly rejected.

This also disposes of the tenth assignment of error, which complains of the court's refusal to give appellants' special charge asked on the same subject.

It is complained that the court erred in refusing to charge the jury, as requested by appellants, that if H. A. Porter, the assignee, was not

a resident of Texas at the time the deed of assignment was made to him,. it would be void, and the jury should find for defendants.

There is no evidence in the record warranting such a charge, and, at. all events, we hold that when the bond is approved and filed with the county clerk, the action of the judge approving it cannot be called in question in any way in a suit by the assignee against one who wrongfully takes the property assigned. This also disposes of the seventh assignment of error; and see Perry v. Stephens, 77 Texas, 248; Keating v. Vaughn, 61 Texas, 521.

At the September Term, 1892, a rule was entered by the court, upon motion of the clerk, requiring H. A. Porter, the original assignee, to give bond for costs; this he failed to do on or before the first day of the next term of the court, having resigned· and the present assignee Holt having been appointed by the county judge in his stead in the meantime.

At the March Term, 1893, Holt, as substituted assignee, having made himself party plaintiff to the suit in the place of H. A. Porter, resigned,. and after a general order of the District Court continuing all civil cases. on the docket until the next term of court, the defendants moved to dismiss the case, because a cost bond had not been given by either of the assignees on or before the first day of that term of the court, which motion the court overruled, because the case had been continued for the term.

We approve the court's action in this ruling. After the cause had been continued for the term, no motion of this character could be made in it without consent of the other parties to the suit.

Finding no error in the record of this cause, the judgment is affirmed.

*Affirmed.*

Delivered December 14, 1895.

Tarlton, Chief Justice, did not sit in this case.

ON MOTION FOR REHEARING.

HUNTER, ASSOCIATE JUSTICE.—Appellant on motion for rehearing complains of the decision rendered in this cause by a majority of the court (Chief Justice Tarlton not sitting), for the reason that we there held that a solvent as well as an insolvent person could make an assignment under arts. 65a, 65c, Revised Statutes of Texas.

The point was not briefed nor argued, and, with the concurrence of the other members of the court, I withdraw that part of said opinion—counsel for appellant having cited us to authorities which hold in effect the other way, and which I failed to find. Blum v. Welborne, 58 Texas, 157; Hudson v. Milling Co., 79 Texas, 406.

The error complained of grows out of the ruling of the District Court excluding a written statement made by N. Porter to Nichols & Co., of his assets and liabilities and their estimated relative values, dated 28th day

of December, 1891, which gives his entire assets, including his notes and accounts, lands, town lots, and goods, at $16,507.44, and his entire liabilities at $11,002.33, the assignment of N. Porter having been made on the 27th day of June, 1892, just six months afterwards. This evidence was so remote and of such an uncertain and unsatisfactory character, that we think its exclusion, even if it were competent, was not reversible error, especially as one witness testified positively that he knew the assignor's financial condition at the time he made the assignment and that he was insolvent, and this evidence was uncontradicted.

Upon closer inspection of the record, we find, however, that the grounds of objection upon which the court below excluded the evidence were not incorporated in the bill of exceptions taken, and we are therefore unable to say that the court erred in doing so. Rule 58 of District Courts; Kolp v. Specht, present term; Cabell v. Holloway, 31 S. W. Rep., 201; Johnson v. Crawl, 55 Texas, 571.

There was no evidence to support the charge asked on the question of solvency, as complained of in the tenth assignment of error, and we adhere to our decision in overruling that assignment.

The motion for rehearing is refused.

*Refused.*

Delivered January 21, 1896.

Writ of error refused.