JOSEPH LINZ & BRO. ET AL. v. W. B. ATCHISON ET AL.

Decided November 25, 1896.

**1. Deed of Trust—Fraud—Acceptance by Non-Fraudulent Creditor.**

If the claim of but one accepting creditor secured in a deed of trust be genuine and he is free from fraudulent conduct the mortgage is valid, although, as to other creditors, it may be fraudulent and inoperative.

**2. Trial of Right of Property—Sale by Trustee—Creditors' ·Claim on Excess.**

Creditors who have levied attachment on goods transferred by debtor to a trustee for other creditors and replevied by trustee under claimants' bond, cannot (in a statutory action for trial of the right of property) by payment of the valid secured debts, have the proceeds of such property, sold by the trustee, appropriated to payment of their claims.

**3. Same**

The existence of a valid accepting creditor established the right of the trustee to possession, and the liability of the sureties, as fixed by the terms of the bond, was dependent on his failure to establish his right to possession of the property.

**4. Same—Attachment—Garnishment.**

The proceeding was not an action for unlawful misappropriation or conversion of mortgaged property; and the levy of the attachment could not be given the effect of service of a writ of garnishment, and entitle the attaching creditors to recover the difference between the value of the goods and the valid debts secured by the deed of trust.

**5. Deed of Trust—Fraud—Attaching Creditors—Trial of Right of Property—Fact Case.**

M. made deed of trust to A. to secure six creditors,—S. V. S. and C. E. S., whose claims were found to be fictitious, and H., A. (the trustee), J. T. S. and M. E. S., whose claims were adjudged genuine and who had no knowledge that other debts were fictitious. H. did not accept before attachment was levied, if at all. A. accepted and took possession before levy, and did not testify as to the genuineness of his claim; but M., the grantor, and another testified that it was genuine. S. V. S., C. E. S., J. T. S. and M. E. S. were minors, and the acceptance by the two last named was by an agent who had knowledge of and participated in the grantor's fraudulent intent. L. Bros., creditors of M., levied attachment against M. on the goods in the hands of A., and W. & Co. and S. P. & Co., also creditors, levied attachments on the property in the hands of the sheriff, on the next day, subject to attachment of L. Bros. A. made claimant's bond under the statute, and afterwards sold the goods. On trial of right of property between the attaching creditors and claimant and his sureties, Held:

(1) The finding of the trial court that A's claim was genuine, being based on uncontradicted evidence, would not be disturbed, though other secured claims were found to be fraudulent and A. was not called to testify.

(2) A. having shown a right to possession of the goods when levied on, a judgment in favor of him and his sureties was correct.

APPEAL from the District Court of Taylor County. Tried below before Hon. T. H. CONNER.

*Legett & Hardwicke* and *A. M. Thomason*, for Linz Bros., and *Cockrell & Cockrell*, for Geo. Walshe & Co. and Simpson, Porter & Co.—When it is shown that a deed or mortgage was executed by the grantor or mortgagor with a fraudulent intent on his part, then the instrument is fraudulent and void, and the grantee can derive no benefits thereunder till he shows that he is a purchaser for value without notice of the fraudulent intent of his grantor; and when the fraudulent intent of the grantor is proven the burden is devolved on grantee of proving he is a grantee for a valuable consideration and without notice. Rev. Stats., art. 2465; Baldwin v. Peet, 22 Texas, 714.

The beneficiary in a trust deed can derive no benefits thereunder as against an attachment creditor unless such beneficiary accepted under such trust deed before the levy of the creditor's writ, and if the deed of trust be fraudulent in whole or in part and the beneficiary accepts thereunder through an agent only, who had knowedge of and was a participant in the fraud, then the beneficiary's own innocence cannot avail him and the instrument is void. Alliance Milling Co. v. Eaton, 25 S. W. Rep., 614; Story, Agency, art. 140.

The court having indulged, in favor of the beneficiary Hamilton, the presumption of his acceptance under the trust deed, in the absence of any proof whatever, the further presumption must also be indulged that he had full knowledge of all the facts and circumstances attending its execution and consequently knew of its fraudulent character, and he can therefore claim no benefits thereunder. Green v. Banks, 24 Texas, 509.

The court erred in declaring the instrument in controversy valid, after finding that part of the purposes and consideration of its execution were fraudulent, and that in part said instrument was executed for the purpose of hindering, delaying and defrauding the creditors of the grantor, because said instrument being executed with a fraudulent intent on the part of the grantor, and there being no rights of innocent purchasers for value to be protected, it should have been declared wholly void. Simon v. Ash, 1 Texas Civ. App., 202; Baldwin v. Peet, 22 Texas, 714.

The court erred in holding that said trustee Atchison had the right to hold the property in controversy for the benefit of himself, Hamilton and J. T. and M. E. Sands, because the uncontroverted proof shows and the court finds that said Hamilton never accepted under said trust deed till after plaintiff's attachment liens were secured, if at all; the uncontroverted proof further shows that O. C. Melton was the agent and representative of J. T. and M. E. Sands in procuring the execution of said conveyance and acceptance thereof, and that, except through him, they never accepted same, and the uncontroverted proof further shows, and the court found, that the fraudulent intent of J. T. Melton "was shared in by O. C. Melton;" and as to the debt of said Atchison there was no proof as to its genuineness except by J. T. and O. C. Melton, the contrivers of the fraudulent scheme; and because the uncontroverted

proof shows that none of the beneficiaries of said mortgage were purchasers for value. Rev. Stats., art. 2465; Alliance Milling Co. v. Eaton, 25 S. W. Rep., 614; Story on Agency, sec. 140.

The goods in controversy being in the actual possession of Atchison, who claimed them under Melton, plaintiffs, having caused valid writs of attachment to be levied on them, acquired valid liens thereon, and Atchison having filed claimant's oath and bond could not on the trial of the rights of property complain that plaintiff's levies were irregular and void.

If part of the debts included in the trust deed were valid and part fraudulent the plaintiffs were entitled to judgment for the excess of assets over and above the valid and honest debts.

The excess of the value of the goods over the valid debts secured was the property of Melton and subject to attachment, and the trustee and beneficiaries whose claims were valid had no other interest in the goods than to secure the payment of their debts, and the excess rightfully belonged to Melton's creditors and were subject to plaintiff's liens.

A beneficiary in a trust deed acquires no rights thereunder till he accepts. Alliance Milling Co. v. Eaton 25 S. W. Rep., 614.

A principal cannot claim the benefit of the fraudulent acts of his agent without making himself a party to the fraud. Story, Agency, sec. 140.

Where a mortgagee of a fraudulent mortgagor is in actual possession of goods of value far in excess of his debt such goods are subject to actual seizure by creditor of the mortgagor; and when payment or tender of the mortgagee's debt is made he has no further interest in the goods, and cannot hold them for the benefit of the mortgagor, nor can he complain of irregularities in the method of levy of attachment writs issued against his mortgagor. Rev. Stats., art. 2296.

The court having, in effect, found that there was no accepting creditor holding a bona fide claim except Atchison, whose claim was $250, and having found that the value of the goods was $3821.46, sufficient to pay the bona fide debt of $250 as well as all the claims of the several plaintiffs, should have given judgment in their favor for the full amount of their claims. Rider v. Hunt, 25 S. W. Rep., 316.

When a grantor executes an instrument for the purpose of hindering, delaying or defrauding his creditors, such instrument is void and without life; and vitality can be imparted only by proof that the grantor was, (1) innocent of the fraud; (2) that he paid value; and the cancellation of an antecedent debt, or the acceptance of the instrument as security for an antecedent debt, does not make such grantee a purchaser for value.

When any part of the consideration for which an instrument is executed is fraudulent, the instrument is void.

A minor cannot bind himself by an acceptance under a deed of trust to secure a debt due him; and such trust deed therefor that is calculated to hinder and delay other creditors is void, in that such minor may re-

ceive the proceeds of property under such trust deed and squander them, then disaffirm his acceptance and hold the debtor on the original debt, to the injury of other creditors.

*Cockrell & Cockrell*, for Walshe & Co., and Simpson, Porter & Co., presented the following supplemental assignment of error:

The sheriff having taken actual possession of the goods in controversy under the writ of attachment issued at the instance of Jos. Linz & Bro., and said goods being no longer in the possession of the mortgagee Atchison on November 29, the date when the Geo. Walshe & Co., and Simpson, Porter & Co., attachments were issued, said plaintiffs could acquire no lien thereon by "notice" to said Atchison, nor by garnishment against him, and the writs of said plaintiffs could be levied in no manner other than as they were levied; and if the seizure by said Linz & Bro. was wrongful, the plaintiffs are not responsible therefor, nor could these plaintiffs by such wrongful conduct of said Linz & Bro., be deprived of their right to seize whatever interest J. T. Melton had in said goods; and the court erred in denying the validity of the lien of these plaintiffs and in not rendering judgment in their favor for the full amount of their respective debts with interest and costs.

The assignment is in itself a legal proposition, and also contains a sufficient statement of the facts to make clear the point insisted upon. Linz & Bro. levied the first attachment and took the goods out of Atchison's custody, and while thus in the hands of the sheriff under the Linz writ the other plaintiffs levied writs by merely causing endorsements thereof to be made in the usual way, after which Atchison executed claimant's oath and bond.

*John Bowyer*, for appellees.—A failing or insolvent debtor has a right to secure one or more of his creditors to the exclusion of others, by a mortgage or deed of trust. This right is in no manner impaired or abridged, nor the deed or mortgage invalidated by the fact: (a) That such mortgage or deed in trust has the effect to hinder or delay the unsecured creditors in the collection of their debts. (b) That the intention of the grantor in such mortgage or deed of trust was to hinder or delay such unsecured creditors. (c) That the grantee or mortgagee knew such was the intention of the grantor or mortgagor, and knew that the effect of the mortgage or deed of trust, was to hinder and to delay other creditors in the collection of their debts or to entirely defeat the debts of such other creditors—unless the grantee participated in the same. (d) That some of the debts were fictitious. (e) That the grantee or mortgagee knew that some of the debts were fictitious. Authorities. 1. Under the general proposition: Haas v. Kraus, 86 Texas, 687. 2. Under subdivision (a) Rock Island Plow Co. v. Hill, 32 S. W. Rep., 242; Kraus v. Haas, 6 Texas Civ. App., 665; Haas v. Kraus, 86 Texas, 687. 3. Under subdivision (b) same as under subdivision (a). 4. Under subdivision (c) same as under subdivision (a).

5.  Under subdivision (d):  Kraus v. Haas, 25 S. W. Rep., 1025; Byrd
v. Berry, S. W. Rep., 749.    6.   Under subdivision (e):  Haas v. Kraus,
86 Texas, 687.    The case directly in point.

If one secured creditor accepts under a deed of trust before an attach-
ment is levied, and the goods conveyed in trust are seized and taken
out of the possession of such trustee by attaching creditors, then the
trustee, in an action for the goods, can recover, even though but one
has accepted.    Rock Island Plow Co. v. Hill, 32 S. W. Rep., 242;
Milling Co. v. Eaton, 86 Texas, 401; Tittle v. Vanleer, 29 S. W. Rep.,
1065; White v. Sterzing, 32 S. W. Rep., 909; Martin-Brown Co. v.
Henderson, 28 S. W. Rep., 695.

A beneficiary under a deed in trust, to be barred from a participation
in the benefits of such deed on account of fraud, must not only know of
such fraudulent intent, but the law requires that such beneficiary must
participate in such fraud.    Knowledge of, without participation in, the
fraud, will not effect, in any manner, the right of the beneficiary in the
trust fund.

When a mortgagee is in possession of mortgaged goods to secure a
debt, there are but two ways of acquiring a lien by attachment.    One
is by paying the mortgaged debt and taking possession; the other is by
giving written notice as prescribed by law, and the said methods are ex-
clusive of any other.    W. B. Atchison was in possession, holding as
mortgagee.    The attachment was not levied by giving notice, nor were
the mortgage debts paid.    Rev. Stats., arts. 2292, 167; Middlebrook v.
Zapp, 79 Texas, 321; Osborne v. Kernigheim, 57 Texas, 91.

Not having levied the writ as prescribed in case of mortgaged goods
in possession of mortgagee, the only remedy left was by garnishment
as decided by the lower court.    Barber v. Hutchins, 66 Texas, 323.

The appellants having attempted to gobble up all the mortgaged
property to satisfy their debts to the exclusion of the beneficiaries
named in the trust deed, will not now be permitted to change their
cause of action from a legal to an equitable one.    The rights of the
parties were fixed at the very time the seizure of the goods under the
attachments.    Martin-Brown Co. v. Henderson, 28 S. W. Rep., 695;
White v. Sterzing, 32 S. W. Rep., 909; Perry v. Stephens, 77 Texas,
249; Barber v. Hutchins, 66 Texas, 322.

We submit that it would be inequitable to the securities on the claim-
ant's bond, to allow the legal action to be converted into an equitable
one.    Atchison was entitled to the goods under his affidavit and bond
and possessed every legal right necessary to the successful maintainance
of his suit for the trial of the right of property.    His sureties on the
claimants bond are not responsible by reason of anything existing when
they enter into the legal obligation incident to their suretyship; but by
changing the action, as the appellants seek to do, to an equitable ac-
tion, they would become liable by reason of subsequent suggestions of
original wrongdoers,—naked trespassers.

KEY, ASSOCIATE JUSTICE.—Appellants caused writs of attachments to be issued against J. T. Melton, and levied upon certain personal property in the actual possession of appellee W. B. Atchison. Atchison instituted this statutory proceeding for the trial of the rights of property. The levy was not made by giving notice to Atchison, but by actual seizure by the sheriff, who took the property from Atchison's possession.

The trial court filed the following conclusions of fact and law:

"1. That on November 28, 1891, J. T. Melton executed and delivered to W. B. Atchison the deed of trust described in defendant's answer and that said trustee immediately accepted the same and took possession of goods therein described.

"2 The following named debts mentioned in said mortgage covering the goods in controversy were fictitious and fraudulent, to-wit: S. V. Sands, $530; C. E. Sands, $530. That the following were valid subsisting debts: Hamilton; $1000; W. B. Atchison, $250; J. T. Sands, $1400, and M. E. Sands, $540—there being no proof that Hamilton, Atchison, J. T. Sands and M. E. Sands had knowledge of the fictitious character of the two debts first named.

"3 .The beneficiary Hamilton is not shown to have ever accepted under said mortgage and if he did accept it was after the three several attachments of plaintiffs had been run.

"4. The evidence is silent as to whether the defendant Atchison knew of or participated in any fraud of J. T. Melton in the execution of said mortgage, he not having been called to testify as a witness. J. T. and O. C. Melton testified that J. T. Melton owed said Atchison $250 at time of execution of said mortgage, evidenced by a note or due bill, and there was no other evidence as to the genuineness of said debt.

"5. That plaintiffs sued out and caused to be levied writs of attachment as hereinafter named, and Atchison made claimant's affidavit and bond under the statute, with J. A. Rushing, J. G. Mitchell and A. M. Robertson as sureties.

"6. Said goods were of the value of $3821.46 at the date of the levy of said attachments, and after the claimant's bond was filed said goods were sold and disposed of in bulk and at retail to various parties, and it is now altogether impossible that they or any part of them can be returned in their original condition.

"7. J. T. Melton was and is indebted to the respective plaintiffs in the several amounts claimed by them, as follows:

"To Jos. Linz & Bro., $814.57 and 6 per cent interest from 22nd March, 1892.

"To Geo. Walshe & Co., $611.65 and 6 per cent interest from 2nd February, 1892.

"To Simpson, Porter & Co., $822.62 and 6 per cent interest from 22d March, 1892.

"Besides costs of suit, Linz & Bro., $51.40, Walshe & Co., $12.20,

and Simpson, Porter & Co., $12.40, and on the 28th day of November, 1891, said Linz & Bro. sued out and levied attachment on said goods, wares and merchandise for the said debt, interest, &c., and on the 29th day of November, 1891, said writs of the other plaintiffs were respectively levied.

"8.   That immediately upon the execution of the trust deed in question the trustee, Atchison, took actual possession of the goods in question, and said deed of trust was duly filed and recorded as a chattel mortgage prior to the levy of the several attachments of the plaintiffs herein, Atchison being in possession at the time of such levies.

"9.   That the main intent and motive in J. T. Melton in the execution of the trust deed in question was to secure the debts and parties therein named, and that such deed was not fraudulent and void, unless the fact that he included fictitious debts made it so; and the court concludes, as matter of law, that the fact that J. T. Melton included as among the debts attempted to be preferred the said fictitious debts of said two Sands children would and did not have the effect of wholly avoiding the deed; but, on the contrary, to the extent of said valid debts, the deed was good, and Atchison's possession lawful; and that the creditors' remedy was to garnishee Atchison or to attach by giving notice to Atchison as provided by law.   To the extent of the fictitious debts, the court finds that J. T. Melton's intent was fraudulent and with intent to hinder and delay his creditors, and this intention was shared in by O. C. Melton; but there is no proof that Atchison or the other beneficiaries had any knowledge of such fraudulent intent, and the court finds that the trustee had the legal right to retain the actual possession of the goods without interference and to execute the trust as provided by his deed by the payment of all valid debts."

*Opinion.*—Both J. T. and O. C. Melton testified by deposition to the genuineness of the $250 debt to Atchison which is secured by the mortgage.   Atchison himself did not testify, and it is contended on behalf of appellants, that, as the court found that J. T. Melton intended to defraud some of his creditors, and O. C. Melton participated in such fraudulent intention, and appellee Atchison failed to testify to the genuineness of his claim, the finding of the court that it was a valid debt is not supported by competent evidence, and should be disregarded by this court.

We do not feel authorized to sustain this contention.   It is not always the case that because a debtor has attempted to defeat certain creditors, therefore he will not swear the truth; and where a jury, or a trial judge acting in lieu of a jury, has given credence to the uncontroverted evidence of such a debtor, corroborated, as in this case, by other testimony, we do not feel at liberty to set aside the finding.

We therefore sustain the finding of the trial court that the claims of Atchison, Hamilton and J. T. Sands and M. E. Sands were valid debts against J. T. Melton.   It is true that Hamilton was not shown to have

accepted under the mortgage; but if his claim be eliminated there will remain valid claims amounting to $2190 secured by mortgage. But of this amount it is urged that the claims of J. T. Sands and M. E. Sands, amounting to $1940, should be stricken out, because their agent, O. C. Melton, who accepted the terms of the mortgage for them, had knowledge of and participated in the fraudulent purpose of J. T. Melton. If the soundness of this argument be conceded, and the claims of these two beneficiaries be rejected, there will still remain the claim of appellee Atchison that is not tinctured with any of these vices; and if the claim of but one secured creditor be genuine and he is free from fraudulent conduct the mortgage is valid, although, as to other creditors, it may be fraudulent and inoperative. Rider v. Hunt, 6 Texas Civ. App., 238; Kraus v. Haas, 6 Texas Civ. App., 665; Byrd v. Perry, 7 Texas Civ. App., 378.

It is stated in appellants' brief, though we find no such pleading in the record, that they offered to pay off Atchison's debt; and the contention is urged by counsel that, conceding the validity of Atchison's debt and of the mortgage for the purpose of paying his debt, the mortgaged property being greatly in excess of that debt, they are entitled to judgment in this case against the appellees for such excess.

The argument is, that, although appellants did not levy their attachments in the manner required by statute when a person other than the defendant in attachment is rightfully in possession of the property, still their levy was valid as against the mortgagor, and by giving bond and recovering possession appellees have waived the irregularity of appellants' levies.

But if it be conceded that appellants acquired a lien by their levy, such lien was junior and inferior to Atchison's mortgage lien, and the latter was entitled to possession of the mortgaged property—the only right involved in this proceeding. However, we are referred to the fact, as shown by uncontroverted testimony, that Atchison has sold the mortgaged property for considerably more than enough to pay his claim. But this is not a suit by a lien holder to recover damages for conversion of the encumbered property; and no matter what the proof may show, on the pleadings in the record relief along that line can not be granted by this court. As shown by the record, this is purely a statutory proceeding to try the right of property; and it being made to appear that Atchison was a mortgagee rightfully in possession of the property when it was seized under the attachments sued out by appellants, the court properly rendered judgment for him and his sureties. Osborn v. Koenigheim, 57 Texas, 91; Erwin v. Blanks, 60 Texas, 583; Garrity v. Thompson, 64 Texas, 597; Willis and Bro. v. Thompson, 85 Texas, 302.

Again, as appellants have alleged and proved that appellee Atchison was and is insolvent, it is obvious that their real object is to hold liable appellees Rushing, Mitchell and Robertson, the sureties on the bond for the trial of the right of property given by Atchison. And this we are

clearly satisfied cannot be done under the pleadings and evidence now in the record. The liability of such sureties, as fixed by the terms of the bond, was dependent upon Atchison's failure to establish his right to possession of the property. Sayles' Civ. Stats., art. 4824. And, Atchison having established his right to such possession, there was no breach of the bond; and the sureties are not parties to the suit otherwise than as sureties on the bond; and it is not alleged nor proved that they had unlawfully misappropriated or converted the mortgaged property. In fact, no such conversion is charged against Atchison or any one; but the argument seems to be, that the levy of appellants' attachments should be given the effect of service of a writ of garnishment and entitle appellants to recover of appellees the difference between the value of the goods and Atchison's debt.

We cannot sustain this position; but, on the contrary, think the court rendered the proper judgment, and it will be affirmed.

*Affirmed.*

Appellants filed motions for rehearing, based substantially upon the points and authorities embraced in their original brief. The motions were overruled. In response to a request contained in the motion of Geo. Walshe & Co. and Simpson, Porter & Co. the court made the following additional findings of fact:

"(a) That the attachment of Linz Bros. was levied on the goods in controversy on 28th Nov., 1891, while same were in the actual possession of the trustee Atchison, and were taken into the possession of the sheriff; that on the next day and while the goods were still held by the sheriff under the Linz writ, these appellants caused their respective writs to be levied subject to the lien of the Linz writ, in the manner prescribed by law for levy on goods in custodia legis; and that thereafter on Dec. 2nd, the trustee Atchison filed his claimant's bond.

"(b) That in procuring the execution of and in the acceptance of the mortgage J. T. and M. E. Sands were represented by O. C. Melton, who was a participant in the fraud of the grantor J. T. Melton.

"(c) That at the time of the execution of said mortgage J. T., S. V., M. E. and C. E. Sands were minors, under the age of 21.

"(d) That in fact O. C. Melton, who acted as the agent of J. T. and M. E. Sands, in the acceptance of said mortgage, had knowledge of and participated in the fraudulent intent of the grantor."

Writ of error refused.