T. E. PITTMAN ET AL. v. ROTAN GROCERY CO. ET AL.

Delivered March 6, 1897.

### 1. Attachment—Property Held by Trustee For Creditors.

Where property has been conveyed by a valid trust deed to secure creditors, it is not subject, while in the trustee's possession, to the levy of attachment thereon.

### 2. Trust Deed Valid if Any Secured Debt Valid.

Where the claim of any beneficiary in a deed of trust conveying personal property to secure creditors is not tinctured with fraud, the deed of trust will be valid, although there are fictitious and fraudulent claims included therein.

### 3. Trial of Right of Property—Judgment Against Trustee.

Where, in a trial of the right of property between attaching creditors of the grantor in a trust deed and the trustee, the validity of the trust deed is established, such creditors are not entitled to judgment against the trustee and sureties on his claim bond for the value of the property after deducting the amount of the secured debts found to be valid, on the ground that, after making such deduction, a surplus remains.

### 4. Attachment—Levy Creates No Lien, When.

Where the statute requires that notice of the levy of an attachment shall be given, and makes no provision for the officer seizing or taking possesion of the property levied on, a levy by seizure and without such notice creates no lien.

### 5. Evidence—Hearsay.

In a trial of the right of property between attaching creditors of the grantor in a trust deed and the trustee, declarations of one of the beneficiaries named in the deed (whose debt had in fact been paid, and who was dead at the time of the trial) regarding the relations between himself and the grantor in the grantor's business were inadmissible as being purely hearsay.

APPEAL from Johnson. Tried below before Hon. J. M. HALL.

*Field, West & Smith, L. B. Davis* and *Watts, Aldredge & Eckford,* for appellants.—1. The bank having accepted said deed of trust in good faith, and for the purpose of securing a valid and subsisting indebtedness, without knowledge or notice of any fraud in its execution, or any of the claims therein, the bank would not be affected by any knowledge of Pittman, or any wrongful act of his, in causing to be inserted in the trust deed inflated or fictitious claims. Milling Co. v. Eaton, 86 Texas, 407; White v. Sterling, 32 S. W. Rep., 909; Starr v. Chaney, 30 S. W. Rep., 374; Solomon v. Wright, 28 S. W. Rep., 416.

2. This being a proceeding under the statute for the trial of right of property; and the evidence adduced and the verdict returned having established the validity of three of the debts secured by the deed of trust, and the acceptance of the trust by Pittman, and also the acceptance of the creditors under same, before the levy of the writs of attachment, no judgment could be rendered against T. E. Pittman and the sureties on his claim bond, but the judgment should have been for the defendants. Rev. Stats., arts. 5286-5307. (Under article 5307 of the present, and article 4843 of the former statute, it is only where the claimant fails to establish his right to the property that judgment can

be rendered against him, etc.)  Langham v. Lanier, 26 S. W. Rep., 255; Cabell v. Johnson, 35 S. W. Rep., 946.

*Poindexter & Padelford* and *W. F. Ramsey,* for appellees.

RAINEY, ASSOCIATE JUSTICE.—This is a proceeding under the statute for the trial of the right of property of certain goods, wares and merchandise.  On December 7, 1891, R. L. Hearne conveyed said property, and certain lands, to T. E. Pittman, as trustee, to secure certain creditors of said Hearne as therein named.  The deed of trust was duly recorded, and Pittman took charge of the property as trustee.  Subsequent thereto the appellees herein, creditors of Hearne, brought suit on their debt and sued out writs of attachment which were levied upon the said goods in the hands of Pittman, as trustee, and also the land mentioned in the deed of trust.  Pittman made oath and gave bond for the trial of the right of property in the goods, wares and merchandise, which was accepted and approved.

On April 1, 1895, appellees filed their third amended tender of issues, by which they made the beneficiaries in the deed of trust defendants, setting up the indebtedness of Hearne to each of them, the institution of their respective suits against him, the issuance and levy of their respective writs of attachment, judgment for their respective claims, and foreclosure of said attachments subject to this controversy.  They claimed said property to be subject to their writs of attachment; the substance of their allegation being, that the debts claimed to be due said benficiaries were fraudulent and fictitious; that the deed of trust was executed for the purpose of defrauding, hindering and delaying the creditors of Hearne, and that Hearne was insolvent, and they prayed that the court administer said trust, and that they have judgment subjecting said property to their attachment liens.

The claimant, T. E. Pittman, by his second amended tender of issues, denied all the allegations of the plaintiffs' tender of issues, and alleged that at the time of the levy he was in actual possession, as trustee, of said goods, and was entitled to the possession thereof, and that all of the debts named in the deed of trust were genuine debts due and owing by Hearne, and that the deed of trust was made in good faith.

The First National Bank of Grandview, Field, West & Smith, Wm. Bond and R. W. Moore, beneficiaries in said deed of trust, answered therein, claiming want of notice of any fraud, the genuineness of their debts, etc.

The jury, in effect, found the claims of Bond, Moore and Field, West & Smith to be genuine, and in favor of the plaintiffs against Pittman and the bank, upon which verdict the court rendered judgment deducting from the value of the property as found by the jury the sum of $1555, aggregating the claims of Bond, Moore and Field, West & Smith, and against Pittman and the sureties on his claim bond in favor of the different plaintiffs, aggregating $6164.60, with interest, from which

judgment this appeal was taken by Pittman and his sureties and the bank.

The sixtieth assignment of error is as follows: "The court erred in rendering judgment against T. E. Pittman and the sureties on his claim bond under the evidence adduced and the verdict of the jury, for that thereby the validity of the trust deed was established, and thereupon a judgment should have been rendered in favor of said T. E. Pittman, for that, under the evidence and upon the verdict returned, said Pittman, as trustee, was entitled to the possession and control of the property and the proceeds thereof, and to administer the same as such trustee."

In connection with the foregoing, the appellants sureties on the claim bond assigned the following errors: "The court erred in not granting and sustaining their motion to set aside the judgment rendered against them in this cause, (1) because the verdict shows that T. E. Pittman, at the time plaintiffs levied on the goods in controversy was, properly in the possession of said goods, and that plaintiffs are not entitled to take them out of his possession; (2) because the court has permitted the plaintiffs by their pleadings to change the issues in this cause from a suit to try the right of possession of the property to a suit in equity; (3) because they are not liable as sureties, and therefore no judgment should have been rendered against them."

The evidence shows, and it was admitted upon the trial by plaintiffs, that the debts of Bond, Moore and Field, West & Smith, beneficiaries in the trust deed, were genuine, and the jury so found; and it was shown that Pittman was in charge of said goods, as trustee, at the time of the levy of the writs of attachment.

In cases of the trial of the right of property, the true issue is, whether or not the property seized is liable to plaintiff's execution. Paxton v. Boise, 1 Texas, 317. If the trust deed in this case is valid, then the property in the hands of Pittman was not subject to the levy of the writs of attachment by seizure, as was made in this case. Langham v. Lanier, 26 S. W. Rep., 255; Cable v. Johnson, 35 S. W. Rep., 946.

There being no question but what the debts of the beneficiaries Bond, Moore and Field, West & Smith were valid, it follows that the deed of trust was valid, irrespective of the claims of the other beneficiaries therein mentioned. It is no longer an open question in this State, that where the claim of any beneficiary in a deed of trust conveying personal property is not tinctured with fraud, the deed of trust will be valid, although there are ficticious and fraudulent claims included therein; and the trustee named in the deed of trust is entitled to hold the possession of the property and administer it for the beneficiary whose claim is not fraudulent. Rider v. Hunt, 25 S. W. Rep., 314; Linz v. Atkinson, 38 S. W. Rep., 640, and authorities therein cited.

Appellees' contention, however, is that the debt of the bank is ficti-tious; and if so, it would leave a large surplus over and above the claims of the bona fide beneficiaries, and that they having levied attach-ments thereon, they were entitled to judgment again the trustee and

his sureties for said surplus. We cannot concur in this contention. This being a proceeding for the trial of the right of property, when the validity of the trust deed was established the trustee was entitled to the possession of the property, and he and his sureties were thereby relieved from any responsibility upon his claim bond. The appellees are not in a position to claim anything by reason of the levy and seizure under the writs of attachment. The statute requires in such cases that notice of levy shall be given, and makes no provision for the officer seizing or taking possession of the property levied upon. Having failed to pursue the mode prescribed by the statute, the levy was invalid, and no lien on the property or interest therein in any manner was created in plaintiffs. Willis v. Thompson, 85 Texas, 301; Linz v. Atkinson, supra; Malbrook v. Zapp, 79 Texas, 321; Gainer v. Cobb, 82 Texas, 598; Curry v. Stewart, 26 S. W. Rep., 147.

In no phase of the case as presented, were appellees entitled to recover judgment for any of the merchandise in the hands of Pittman, as trustee. As far as the goods were concerned, the judgment in this case should have been against appellees.

If only the goods had been levied upon, the foregoing remarks would dispose of the case. There is another phase of the case, however, growing out of the attachments upon certain lands, the property of Hearne, and which were included in the deed of trust to Pittman.

The evidence showed that prior to the execution of the deed of trust to Pittman, Hearne had conveyed the land, in trust, to P. T. Bartlett, to secure the payment of certain debts due by Hearne. Subsequent to the execution of the deed of trust to Pittman, said lands had been sold by Bartlett, as trustee, and the same bid in by the bank. The levy of the attachments on the land was in accordance with the statute, and gave to appellees a lien by reason thereof, subject to the Bartlett trust deed and also the Pittman trust deed, unless said deeds were vacated and set aside.

The appellees having a lien on the land, and having made all the parties interested parties to this suit, they had a right to litigate with Pittman and the bank the validity of the trust deed from Hearne to Pittman. Such being the case, it renders it necessary that we consider some of the assignments of error made by appellees.

We will not pretend to discuss them all, because we think it entirely unnecessary. Appellees complain of the seventh paragraph of the judge's charge, in which they insist that the court charged the jury, in effect, that if any of the indebtedness recited in said trust deed was invalid, in whole or in part, such would defeat the trust deed. We think this contention well founded.

While it is probable that the court did not intend to say that if any one of the particular debts mentioned in the deed of trust was fraudulent, that that alone would defeat the trust deed as to all the others, yet we think such is the effect of the charge given. At least, it was so worded as was calculated to have misled the jury. As stated above,

a fraudulent claim, among others in a trust deed not tinctured with vice, does not invalidate the deed of trust.

Several of the assignments complain of the court in allowing the witnesses to state the declarations of T. M. Westbrooks regarding the relations existing between Hearne and said Westbrooks in the business of Hearne. The evidence shows that at the time of the trial Westbrooks was dead, and that though he was named as one of the beneficiaries in said trust deed, his claim had been paid off. We think this testimony was purely hearsay, and it was improper for the court to have admitted it.

If upon another trial the plaintiffs should establish that the claim of the bank was fraudulent, the court should render judgment adjusting the equities existing between the parties by reason of the levy of the attachments upon said lands, having due regard for the rights of the beneficiaries named in the trust deed to Pittman whose claims are genuine.

For the reasons above indicated, the judgment is reversed and the cause remanded.