## MISSISSIPPI MILLS ET AL. V. J. MEYER & CO.

### No. 3321.

1. **Amendment.**—An *amendment* presupposes the existence of a defect which it is the office of the former to cure.

2. **Alteration of Perfect Writ not an Amendment.**—A suit was pending in the District Court of Robertson County. A writ of attachment regular in form was issued in the suit to the sheriff of Navarro County. The attorney for the plaintiff followed the goods to Henderson County and telegraphed to the district clerk of Robertson asking authority to change the writ from *Navarro* to *Henderson* County. This request the clerk acceded to by telegram. The attorney made the alteration, attaching the telegram from the clerk to the writ. *Held,* the alteration was not an amendment but an attempted creation of a different writ by the mutilation of one regular on its face. The district clerk had no power to authorize such act. The writ as mutilated was void.

3. **Levy Under Void Writ.**—The writ being void, the plaintiff causing the seizure under it occupied the position of a naked trespasser. He could not justify by attacking the title of the party from whom the property was taken.

4. **Same—Trespasser.**—The fact that a naked trespasser is a creditor of the owner of the goods, or that the possessor's title may be founded in fraud, will not justify the trespass.

5. **Same—Creditor—Mitigation.**—The plaintiff in the attachment suit causing the seizure of goods under a void writ when sued for the trespass may prove that the goods belonged to a third person,‛ for the purpose of showing that the plaintiff seeking damages for such seizure is not entitled as damages to the full value of the property, but that his recovery should be limited to such damages as the evidence proves was done to his possession or his limited estate in the goods. To attack such title it was competent to show facts evidencing fraud in obtaining such possession.

6. **Seizure Under a Second and Valid Writ.**—In such suit for damages for the illegal seizure of goods under a void writ it was competent for the defendant to show that the goods had been seized under a second valid writ, and had been sold and the proceeds applied to the debt in aid of which both the void and the regular writ had been obtained, in mitigation of damages.

7. **Consent of Owner—Seizure Under Second Writ.**—The consent of the owner is implied when the goods are seized by legal process, or if not implied is immaterial when the law makes the application. The ownership of the goods is not affected by their seizure under a void writ, and they are therefore subject to the claims of creditors while in the trespasser's hands as they were previously. The trespasser if a creditor has the same right to have such goods seized as any other creditor. If goods ille-

gally seized under a void writ are subsequently applied under legal process to his debt he can not justly be required to pay their full value a second time.

**8. Illegal Exclusion of Testimony.**—While the seizure of the goods under the void writ rendered the plaintiff in attachment a naked trespasser, still when sued by parties from whom they were taken the plaintiff in the attachment had the right, in mitigation of damages when sued by parties from whose possession the goods were taken, to prove the fraudulent character of the possession invaded, and to show that the goods had been seized and appropriated under valid process, for purpose of mitigation. The exclusion of this testimony was error.

APPEAL from Henderson. Tried below before Hon. F. A. WILLIAMS. The opinion states the case.

*Hungerford & Faulk* and *Alex. White,* for appellants.—1. Amendments of writs are liberally allowed. The direction of the writ of attachment to the wrong officer was amendable; and while the writ is yet under the control of the clerk—that is, before it has been delivered to some one who has authority to levy it—the address may be summarily corrected by the clerk. Waples on Attach., sec. 141; 1 Wade on Attach., sec. 122; Whittenburg v. Loyd, 49 Texas, 633; Brown, Martin & Co. v. Martin, 2 Ct. App. C. C., 205; Robertson v. McIlhenny, 59 Texas, 615; Ryan v. Goldfrank, 58 Texas, 356; Porter v. Miller, 7 Texas, 468; Cartwright v. Chebert, 3 Texas, 261; Warner v. Purtell, 63 Ga., 428; Giles v. Divine, 11 Cush., 69; Blair v. Shaw, 24 Kans., 280.

2. If the clerk could change the address himself, he could authorize the attorney of plaintiff to change it; and the authority in writing sent by telegraph would be as valid as a verbal authority from the clerk to the attorney, had they been together. The telegram would have been both the authority and the evidence of it.

3. If the attachment was void, it was no protection to any one for anything done under it; but if it was only voidable, and was regular on its face, it gave the right to the officer to levy and take possession of the goods, and no one but defendant in the attachment suit could take advantage of it. Wait on Fraud. Con., sec. 427; Bateman Bros. v. Ramsey, 74 Texas, 589; Nenny & White v. Schluter & Co., 62 Texas, 328; 1 Wade on Attach., sec. 54; Sayles' New Treaties, sec. 600.

4. If the sheriff had the right under the writ to take the goods, then there was no unlawful violation of the possession, and plaintiffs could not maintain an action upon bare possession alone. If the goods belonged to Marks, and plaintiffs held as his bailees, or if they had been fraudulently conveyed to plaintiffs (Myers & Co.) by Marks, the sheriff would have the right to levy on them in the possession of Myers & Co. Moseby v. Garner, 10 Texas, 393; Bank v. Lovenberg, 63 Texas, 506.

5. One holding under fraudulent conveyance is trustee for the grantor. As to creditors, the property has not passed, and the possession of the fraudulent grantee is no protection and gives him no right

of action against the attaching or execution of the creditor of the fraud-
ulent grantor levying on the property in his possession. Baldwin v.
Peet, 22 Texas, 708–716; Thayer v. Willet, 5 Bosw., 344; Wait on Fraud.
Con., sec. 385; Beek v. Voreis, 89 Ind., 117; Kelly v. Brunsing, 33
Barb., 123; Belmont v. Lane, 22 How. Pr., 365.

6. Officer may levy any subsequent process which may come into
his hands upon goods already in his possession under levy. Story on
Bail., 6 ed., sec. 129; 7 Mass., 503; 1 Pick., 389.

7. Where personal property is wrongfully taken from one holding
the bare possession, the defendant may show in mitigation of damages
the surrender of the property or of its proceeds to other persons hav-
ing the legal title thereto. Perry v. Chandler, 2 Cush., 237; Pierce v.
Benjamin, 14 Pick., 356; Kaley v. Shed, 10 Metc., 317; Squire v. Hol-
lenbeck, 9 Pick., 551.

8. When property illegally taken has gone to the use of the owner,
expressed or implied, this will reduce the damages in suit by plaintiff
who asserts no right or claim of ownership in the property, but relies
only on a bare possession; and the consent of the owner will always be
implied when the goods have been legally seized and sold under legal
process against him. The ruling of the earlier New York cases, that such
process must have been sued out by a third person, and not by the offi-
cer taking possession in the first instance under illegal and void process,
as in Hammer v. Wyley, 17 Wendell, 91, is not sustained by subsequent
authorities. Hopple v. Higbee, 3 Zab., 342; Daggett v. Adams, 1 Green,
198; Perry v. Chandler, 2 Cush., 237; Hanson v. Herrich, 100 Mass.,
323; Pierce v. Benjamin, 14 Pick., 356; Kaley v. Shed, 10 Metc., 317;
Squire v. Hollenbeck, 9 Pick., 551; Irish v. Cloyes, 8 Vt., 30;. Collins
v. Perkins, 31 Vt., 624; Stewart v. Martin, 16 Vt., 397; Montgomery
v. Wilson, 48 Vt., 616; Bates v. Courtwright, 36 Ill., 518; Perkins v. Fur-
man, 29 Ill., 477; Stow v. Harwood, 14 Ill., 424; Curtis v. Ward, 20
Conn., 204; Cooper v. Newman, 45 N. H., 339; Sprague v. Brown, 40
Wis., 612; 89 Ind., 117; 3 Suth. on Dam., p. 482.

*Scott Field, Jones & Jones,* and *Richardson & Watkins,* for appellees.—
1. The district clerk of Robertson County only gave permission to
change the writ. He did not direct it, and did not know when the levy
was made, or that there was such a writ in existence. Hungerford
was not a deputy, but an attorney in the case. Rev. Stats., arts. 163,
452; 1 Wade on Attach., secs. 119, 120.

2. When goods have been taken from the actual possession of the
plaintiff, even though he should be a wrongdoer, he can recover the
goods or their value, and defendant can not deny plaintiff's title to
the goods, nor set up ownership in another. 1 Add. on Torts, sec. 536,
and note; Waterm. on Tres., secs. 515–517; 2 Greenl. Ev., sec. 618;

Catlins v. Turner, 1 Ct. App. C. C., 517; Parker v. Railway, 71 Texas, 132.

3. An agent or bailee in possession of goods may maintain an action for trespass in his own name; and whether J. Meyer & Co. were at the time of the trespass owners of the goods, or were agents and bailees of A. Marks, is immaterial under the pleadings and facts of this case. Hudson v. Willis, 73 Texas, 256; Willis & Bro. v. Hudson, 63 Texas, 678; Schoul. on Bail., pp. 63–65; 1 Waterm. on Tres., pp. 552, 623; Story on Ag., sec. 413; Story on Bail., secs. 94, 150; 2 Blacks. Com., 365, 452; 2 Kent Com., 568–585; Harrington v. King, 121 Mass., 269.

4. No application can be made without the owner's consent, and void process or any abuse of legal authority will afford no justification to the wrongdoer, but he will be precluded by his wrongful action from setting up any application of the property or money obtained, to the owner's benefit, without his consent, by way of mitigation. Suth. on Dam., p. 483; Wanamaker v. Bower, 36 Md., 42; Northrop v. McGill, 27 Mich., 234; East v. Pace, 57 Ala., 234; Edmonson v. Nutall, 17 C. B., N. S., 280.

5. If a party causing a wrongful seizure of goods again causes the same to be seized by rightful process under a valid writ, it does not purge the original wrong nor go in mitigation of damages; since by procuring a sale on a legal process of property wrongfully taken, the wrongdoer can be no better off than he would have been if he had offered to restore the property to the owner, and no tender will bar an action for a tort or mitigate damages. This proposition is overwhelmingly true when applied to naked trespassers. Weaver v. Ashcroft, 50 Texas, 444; Waterm. on Tres., secs. 438, 440, 445; Hamner v. Wiley, 17 Wend., 91; Otis v. Jones, 21 Wend., 394; Higgins v. Whitney, 24 Wend., 379; Sherry v. Schuyler, 2 Hill, 204; Word v. Benson, 31 How. Pr., 411; Wehle v. Butler, 61 N. Y., 245; Wanamaker v. Bower, 36 Md., 42; Wade on Attach., sec. 318; Drake on Attach., sec. 193; Add. on Torts, secs. 543, 664, 665; 2 Sedg. on Dam., pp. 528, 529; Northrop v. McGill, 27 Mich., 234; Corpenter v. Dresser, 72 Me., 377; East v. Pace, 57 Ala., 521; White v. Brinstead, 76 E. C. L., 333.

HOBBY, PRESIDING JUDGE, *Section A.*—This is a suit for damages, brought by J. Meyer & Co., merchants in the town of Athens, Texas, against the Mississippi Mills, a corporation incorporated under the laws of the State of Mississippi, W. M. Hungerford, and George C. Osborne, the sheriff of Henderson County. The damages were sought to be recovered for the seizure and conversion by appellants of a certain stock of goods and merchandise in the possession of appellees, who were merchants in said town.

The defendants' answer contained a general denial, and a special plea to the effect that one A. Marks was indebted to defendant, the Mississippi Mills, in the sum of $1600, on which suit was brought in the District Court of Robertson County, Texas, on the 18th day of November, 1887; that a judgment was rendered in said suit in favor of said defendant, and the writ of attachment was issued from said court in said suit, which was levied on the goods described in the petition, by the sheriff of Henderson County; that a second writ was also levied on the same property in favor of defendant immediately after the first levy. The answer alleges the insolvency of Marks, and that it was well known to plaintiffs.

It was further charged, that the goods levied on by virtue of the attachment in this case were claimed by and in the possession of the plaintiffs under and by virtue of a fraudulent sale and transfer thereof to plaintiffs by one A. Marks, who was indebted to the defendant, and who transferred said goods for the purpose of defrauding the said defendant and other creditors. It was also alleged, that the goods were turned over to plaintiffs by said Marks to be sold by them, with the understanding that they should account to said Marks for the proceeds of the sale of the same, etc.

The evidence in the case was, substantially, that on the 18th of November, 1887, the Mississippi Mills sued out an attachment in the District Court of Robertson County against A. Marks, which writ was addressed to the sheriff of Navarro County. The attorney for the Mississippi Mills took the writ with him to Corsicana, where he found at the depot a car containing some of the goods subsequently levied on. The car was labeled "Athens." The attorney sought the sheriff of Navarro County in the town of Corsicana, and on his return to the depot the car had been removed. He followed the goods that night to Athens and placed the writ in the hands of the sheriff of Henderson County. The sheriff showed the writ to his deputy, McRae, who would not levy it, and the attorney then wired the clerk of the District Court of Robertson County, asking his permission to change the writ so as to have it directed to the sheriff of Henderson County. He at the same time also directed the clerk to issue another writ of attachment, addressed to the sheriff of Henderson County. The clerk replied by telegram, authorizing the attorney to make the requested change, which was done by the attorney erasing the name "Navarro" and inserting "Henderson" in lieu thereof, and pasting the telegram on the face of the writ. The goods were levied on by the deputy sheriff at Meyer & Co.'s store, in Henderson, except about three boxes and one bale at the depot. They were removed to the jail, sold under order of sale, and the proceeds sent to the district clerk of Robertson County.

The court, under the facts stated and the pleadings in the case, directed the jury in effect to find for the plaintiffs. The verdict was re-

turned for plaintiffs and the damages assessed at $3176.69, on which judgment was entered, and the defendants have appealed.

The assignments of error involve three controlling questions. 1. Whether the attachment under which the levy was made was void. 2. Whether the defendants, naked trespassers, who have seized the property under a void writ, can show that the property belongs to a third person, for the purpose of mitigating the damages and limiting the recovery to the actual injury done to plaintiff. 3. Whether such trespasser can, for the same purpose, show that he caused a subsequent valid writ in his favor to be levied on the property for the owner's debt, and that the property was applied to such debt.

The first question is raised by an assignment attacking the charge. The charge of the court was, substantially, that the attachment was void, and the defendants having admitted plaintiffs' possession, the jury would find for the plaintiffs actual damages, the amount of which would be regulated by the market value of the goods, etc., shown by the proof.

In so far as the charge informed the jury that the writ of attachment was void under the facts, we think it was correct. We do not think it necessary to consider under what circumstances a writ of attachment might be amended; because we do not regard the alteration made in the writ, as shown by the proof and admitted in this case, as being in any legal sense an "amendment" of an imperfect writ. It would more appropriately be termed the destruction of a complete one. An "amendment" presupposes the existence of a defect, which it is the office of the former to cure. There was no occasion to amend anything in the writ issued to the sheriff of Navarro County. It was complete, having, as far as we are advised, all of the constituent parts of a perfect writ; hence the change made by erasing "Navarro" and inserting "Henderson" before the word county can not be said to have cured or removed a defect where none existed. It was but the attempted creation of a different writ by the annihilation of one regular on its face. That the district clerk of Robertson County could not exercise in Henderson County the powers of district clerk of that county is manifest. Such, however, would be the result of recognizing as valid the writ of attachment we have had under consideration.

We think the writ by virtue of which the levy was made was void, and there was no error committed by the court in so holding. The writ being void, the defendants occupied the position of naked trespassers; and being trespassers, they could not justify by attacking the title of plaintiff, nor show the application of the property to the owner's benefit without his consent by way of mitigation of damages. 3 Suth. on Dam., p. 483.

The fact that a naked trespasser is a creditor of the owner of the goods, or that the plaintiff's title may be founded in fraud, will not

justify the trespass.    Such we understand to be the effect of the rule laid down in Hudson v. Willis & Bro., 73 Texas, 258.

But while these facts afford no justification for the seizure of the property under a writ absolutely void, making the defendants thereby naked trespassers; the defendants may prove that the goods belonged to a third person, for the purpose of showing that the plaintiff is not entitled as damages to the full value of the property, but that his recovery should be limited to such damages as the evidence shows was done to his possession or his limited estate in the goods.    Proof of facts and circumstances showing a sale of the goods to the plaintiff by Marks, which was fraudulent and passed no title as to the defendant (the Mississippi Mills Co.), would be admissible to establish the fact that plaintiff's interest in the goods was limited to the possession alone; and for the purpose of mitigating or restricting the damages to the injury actually done to the plaintiff's interest or special property in the goods, we think the evidence was admissible.    This rests upon the plain and obviously fair principle, that the measure of damages to which the party is entitled, except where the law allows punitive damages, should be confined to the amount that will compensate him for his actual injury.    Cook v. Loomis, 26 Conn., 485.    If the plaintiff is not in fact the true owner of the property as between him and the defendant (the Mills company), and he has only a special interest or right in it arising from possession, he can not be injured beyond such interest, and he ought not therefore to be allowed to recover the full value.    The defendant also offered to prove, that a second valid writ of attachment issued in the same suit on November 18, 1887, in its favor against Marks, and was levied on the same goods the day after the first levy, and that it was applied to Marks' debt to the defendant. This was likewise excluded, upon the principle that the levy first made having been completed and the goods removed under it, the defendant could not justify or mitigate the trespass by proof of the second levy.

We are of opinion that the court erred in excluding the testimony offered by the defendant to show that the goods were seized under a second valid writ in favor of the Mills company and against the owner of the goods, and that they were applied to the debt of the owner.

There is some conflict of authority as to the right of the naked trespasser to do this in mitigation of damages.    Wade on Attach., sec. 318. In some of the earlier cases it is denied.    Hamner v. Wiley, 17 Wend., 91; Waterm. on Tres., sec. 438.    But the great weight of modern authority is the other way, and the cases holding that a seizure of the property under a subsequent writ or valid process by the defendant and the application of it to the benefit of the owner is admissible in mitigation of damages, are sustained, we think, by the better reason. Some of these cases hold that the subsequent process must be in favor

of some other person than the trespasser or wrongdoer. Waterm. on Tres., sec. 617. This is not believed to be the correct rule.

The reason the trespasser was not permitted to show the seizure of the property under a second writ, in mitigation, was, that he could not by his own act, without the plaintiff's consent, relieve himself of the consequences of his own wrong. But this reason has no application where the defendant is a creditor of the owner and the property is subject to and is seized under valid process and applied to the real owner's debt. Because in that case the goods are applied by operation of law and not by the act of the trespasser; and again, the consent of the owner is implied when it is seized by legal process, or if not implied, it is immaterial where the law makes the application. 3 Suth. on Dam., p. 482. The ownership of the goods is not affected by their seizure under the void writ, and they are therefore as subject to the claims of creditors while in the trespasser's hands as they were previously. As the trespasser has not forfeited his rights as a creditor of the owner by the trespass, he has the same right to levy on them according to law as any other creditor would have. If he does so by a second writ, and the property is applied to the owner's debt, the trespasser can not upon any principle of right be required to pay the full value of the goods again, as damages. Such is the doctrine of Hopple v. Higgins, 23 New Jersey (3 Zab.), 349, where the question is discussed and the cases considered. See also Perry v. Chandler, 56 Mass., 242; Cook v. Loomis, 26 Conn., 483; Montgomery v. Wilson, 46 Vt., 616; 8 Id., 30; 31 Id., 638. The reason of the rule is, that as the property was lawfully appropriated in paying the real owner's debt, he has received satisfaction, and ought not to be compensated a second time. Bates v. Courtwright, 36 Ill., 520.

We think the evidence of the levy of the second writ of attachment should have been admitted in mitigation of the damages. To have had this effect, it was necessary to show that the property was subject to the levy of the second writ. If in making this proof facts and circumstances were established showing that defendant was a creditor of Marks, and that the possession and apparent ownership of plaintiff was in fraud of the rights of defendant as such creditor, still there was evidence admissible to mitigate the damages by showing that plaintiff was entitled to recover only for the injury done to his possession, and was not authorized to recover the value of the property which the owner received the benefit of, through the agency of the law, by the second levy.

For the reasons indicated, we think the judgment should be reversed and the cause remanded.

*Reversed and remanded.*