BEN E. CABELL ET AL. v. J. M. JOHNSTON, TRUSTEE.

Delivered April 29, 1896.

**Mortgage for Benefit of Creditor—Illegal Attachment—Measure of Damages.**
Where a stock of goods is conveyed to a trustee to secure a debt due to a creditor, it is not subject to attachment, and the trustee is entitled to recover against a sheriff levying a writ thereon the full value of the goods attached, and not merely the balance remaining unpaid on the debt secured, especially when there are others as much entitled to the surplus as the attaching creditor.

ERROR from Dallas. Tried below before Hon. EDWARD GRAY.

*McCormick & Spence*, for plaintiffs in error.—If the case of conversion is such that the plaintiff can be fully compensated by a sum of money less than the full value of the property which has been converted, recovery will be limited, and the amount that will suffice for complete indemnity of plaintiff will be confined to a compensation commensurate with the actual injury. If the property has gone to the use of the real owner with his consent, express or implied, that fact may always be shown in mitigation of damages. The consent of the owner to such application is implied when the property is seized by legal process against him. In that case the goods are applied by operation of law and not by the act of the trespasser. 3 Sutherland on Damages, 482, 524-528, 533-537; Jones on Chattel Mortgages, sec. 452; Field v. Munster, 32 S. W. Rep., 417; Munster v. Field, 33 S. W. Rep., 852; Bank v. Barker, 28 S. W. Rep., 698; White v. Sterzing, 32 S. W. Rep., 909; Muse v. Cheney, 30 S. W. Rep., 375; Mississippi Mills v. Meyer, 83 Texas, 433; Beck v. Avondino, 82 Texas, 314; Wood v. Franks, 56 Cal., 217; Enos v. Cole, 53 Wis., 235; Nudd v. Montague, 38 Wis., 511; Koyer v. White, 6 Texas Civ. App., 381, 384.

*R. C. Porter*, for defendant in error.—Where goods held in pledge be seized by a creditor of the pledgor without statutory authority, the measure of damages in a suit by the pledgee against the officer is the value of the property, and not the amount of his demand secured by the pledge. In such case the officer is a trespasser, and must be regarded as a stranger, and therefore liable for the full value of the goods. Langham v. Lanier, 26 S. W. Rep., 255; Sanger v. Henderson, 1 Texas Civ. App., 415; Martin-Brown Co. v. Henderson, 28 S. W. Rep., 695.

JAMES, CHIEF JUSTICE.—The facts are substantially these: S. W. Kanady executed to Johnston, as trustee, a mortgage on a stock of goods, for the purpose of discharging a debt due by Kanady to the McCormick Harvesting Machine Co., which instrument provided that, after paying the debt secured and the cost and expense of executing the trust, the remainder of the goods should be returned to the mortgagor. The creditor accepted before the attachments. Afterwards the

Eagle Manufacturing Co., a creditor of Kanady, sued out an attachment against his property, and caused a levy to be made by the sheriff (Cabell) upon a part of the goods in the trustee's hands, which goods were sold in the attachment proceeding and the proceeds appropriated to the payment of the attaching creditor's judgment against Kanady.

This suit was brought by the trustee against the sheriff and his bondsmen (who caused those on the indemnity bond to be made parties) to recover the value of the goods taken by the writ of attachment. The sole question presented by this writ of error is as to the measure of damages.

The District Court refused to allow proof of how much the trustee had derived from the sale of the goods, and the amount of the costs attending the execution of the trust. The plaintiff had alleged that, apart from the goods seized, he had sold the property remaining, and that there was left to apply to the debt of the McCormick Harvesting Machine Co. the sum of $1142.98, leaving a balance due said company $595.43, and also the expense of executing the trust, alleged to be "several hundred dollars." The value of the goods seized, as found by the jury, was $1169.

The court directed the jury to find for the plaintiff the value of the goods taken; and the only point made is that the correct measure of damages was such sum as would have enabled the trustee, with the proceeds received by him, to satisfy the debt secured by the mortgage and expenses.

*Opinion.*—The property in the hands of the trustee was subject to the law governing pledges (Hudson v. Wilkinson, 61 Texas, 606), and in this State property so conditioned is not the subject of attachment by creditors of the mortgagor. Scott v. McDaniel, 67 Texas, 315; Osborn v. Koenigheim, 57 Texas, 91. It has been definitely held in this State that, where property in the possession of an assignee for creditors under our statute is attached, the assignee should recover the value of the property seized, regardless of whether or not he has remaining in his possession sufficient assets to pay all other creditors and all expenses (Langham v. Lanier, 7 Tex. Civ. App., 4); the question there being directly presented, and a writ of error refused by the Supreme Court. The case before us is different, in that it was a mortgage to secure a creditor, but upon our decisions there is no difference in respect to the property being exempt from attachment.

It is well settled that the pledgee, in a proceeding against the pledgor, or against one in privity with him, can recover for conversion of the property pledged, only to the extent of his interest. But, as against one who has not the express or implied consent of the pledgor to seize the property, he may recover the value of the goods taken, on the theory that the pledgee is responsible to the pledgor therefor. The case, then, depends on the inquiry whether or not a creditor of the pledgor who takes the property from the pledgee by a writ of attachment does so

with the implied consent of the pledgor. The question must, with due regard for the authorities, be answered in the negative.

In Waite's Actions and Defenses, vol. 5, p. 181, the rule (where there is no statute to control) is stated as follows: "In an action by a pledgee against a sheriff for a conversion of goods pledged, the sheriff who has seized them under a lawful writ in his hands will be treated as in privy with the owner, the pledgor, provided he has pursued the law in making such seizure, and will be held only for the plaintiff's special interest in the goods; but, in any other event, he will be treated as a stranger and held for their full value;" citing Treadwell v. Davis, 34 Cal., 601. This is supported by most, if not all, the cases. See Pomeroy v. Smith, 17 Pick., 85; Fahy v. Gordon (Mo.), 34 S. W. Rep., 881; Jones on Pledges, sec. 433; Soule v. White, 14 Me., 436; Lawson on Bailments, sec. 68; Lowe v. Wing (Wis.), 13 N. W. Rep., 892; Sanger v. Henderson, 1 Texas Civ. App., 412, and Martin-Brown Co. v. Henderson, 28 S. W. Rep., 697, although the decision of the question was not necessary in that case.

It seems that in Minnesota the mortgagee of chattels can recover of the officer who levies a writ on the property only to the extent of his interest, but this is upon the theory that the right of the mortgagor in the chattels is subject to seizure as an incorporeal thing. Waples on Attachment, sec. 974, citing Becker v. Dunham, 29 Minn., 32. Wherever the seizure is recognized as valid, the attaching party would clearly stand in privity with the mortgagor or pledgor, and his consent would be implied. But our own decisions are emphatic in holding that the property is not subject to attachment, and the person who levies the writ is a trespasser. This being so, it is not perceived how he can be entitled to any equities; otherwise, it would be giving effect to the levy. It may be that, in a case where it is shown that the pledgor has no other property and no other creditors, the rule contended for by the appellant would be applied, as both justice and the avoidance of a multiplicity of actions would recommend it; but here there appear to be other creditors, as much entitled to the surplus as appellant, who cannot be said to have any title to or lien on the property taken or its proceeds.

The case of Field v. Munster, 32 S. W. Rep., 417, does not deal with the question now before us. Appellants cite the case of Mississippi Mills v. Meyer, 83 Texas, 433, as sustaining the rule for which they contend. It will be seen that the property there seized was not taken from the possession of a mortgagee or pledgee.

We conclude that the ruling of the district judge was correct.

*Affirmed.*

ON MOTION FOR REHEARING.

## May 27, 1896.

It may be necessary for us, in view of a statement in the motion, to give the reason for saying that Kanady appeared to have other creditors.

His testimony shows that he transferred practically all he had to the trustee, and that on December 26, 1893, when the mortgage was given, he owed $5500. The attachment took place on December 29, 1893, and the debt for which the mortgage was given was $1738.41. This, to our mind, shows that he was insolvent, and had other creditors. The motion is overruled.