CITIZENS' BANK v. THE CAPITAL ELEVATOR COMPANY.

No. 583.*    ( 58 Pac. 483.)

NEGOTIABLE PAPER— *Warehouse Receipts.*    D., as the managing officer of defendant company, had authority to issue warehouse receipts to himself or others for grain stored in the elevator. He issued a receipt to plaintiff as security for a loan, for grain he represented he owned therein. *Held*, that said receipt is negotiable paper issued within the apparent scope of D.'s authority, and that the defendant is liable thereon.

Error from Shawnee district court; Z. T. HAZEN, judge.    Opinion filed October 6, 1899.    Reversed.

*N. H. Loomis*, and *R. W. Blair*, for plaintiff in error.

*Waggener, Horton & Orr*, and *D. H. Martin*, for defendant in error.

The opinion of the court was delivered by

WELLS, J.:  From the agreed statement of facts, it appears that Thomas C. Dick was the secretary and general manager of the Capital Elevator Company, a corporation engaged in the business of receiving and storing grain for hire in the city of Topeka, and as such had authority to execute and issue warehouse receipts, to himself or others, for all grain he might store in said elevator on his own account. The plaintiff loaned said Dick a sum of money, for which it took his note secured by the deposit of a warehouse receipt of which the following is a copy :

" No. 48.    CAPITAL ELEVATOR COMPANY,    Bush., 3056; lbs., 20.
TOPEKA, KAN., November 5, 1895.

" Received in store from cars 11569 I. M., 2370 I. M., 11892 I. M., and 2325 M. P., thirty hundred and fifty-

*Petition for order to certify denied by supreme court November 11, 1899.—REP.

six $\frac{20}{60}$ bushels of wheat, inspected No. 2 hard, subject only to the order hereon of the Citizens' Bank and the surrender of this receipt and payment of charges.

"It is hereby agreed by the holders of this receipt, that the grain herein mentioned may be stored in special bin only, and subject to such rates for elevation and storage as the company may at any time establish.   Now in bin No. 2.          Thos. C. Dick,

" 183,380 lbs.          *Secretary and Manager.*"

Indorsed : "Insured by the Capital Elevator Co. on basis of market value per bushel for the benefit of the owner of this receipt.

"The Capital Elevator Co.
" By Thos. C. Dick, *Secretary and Manager.*"

The elevator company did not have any wheat owned by Dick and refused to deliver any when demanded. The note was not paid and this action was instituted. The case was submitted to the court without a jury upon an agreed statement of facts, and by it decided in favor of the defendant, and error brought to this court.   Under the provisions of chapter 67, General Statutes of 1897 (Gen. Stat. 1899, §§ 1390–1403), such receipts are negotiable like bills of exchange and promissory notes, and carry the title of the grain represented with them, and for that reason the line of decisions from the federal courts cited by the defendant in error is not applicable, as particular emphasis was made in the opinions referred to upon the fact that the papers in controversy were not negotiable.

The receipt in this case was negotiable paper, was issued by the party authorized to issue such papers, was within the apparent scope of his authority, and the defendant is estopped from denying its liability thereon.

The judgment of the district court is reversed, and said court directed to render a judgment for the plaintiff against the defendant for the sum due under the agreed statment of facts.