(116 N. W. 611.)

---

STATE OF NORTH DAKOTA, TO AND FOR THE USE OF HART-PARR COMPANY, A CORPORATION, PLAINTIFF AND RESPONDENT, v. ROBB-LAWRENCE COMPANY, A CORPORATION, DEFENDANT, AND THE NORTHERN TRUST COMPANY, A CORPORATION, APPELLANT.

Opinion filed March 19, 1908.

**Public Warehousemen — Pledge — Warehouse Receipt.**

1. A public warehouseman licensed to do business in this state under the provisions of chapter 141, page 180, Laws 1901, being sections 2262-2272, Rev. Codes, may, as security for his indebtedness, issue and deliver to his creditor a warehouse receipt upon property actually contained in such warehouse and owned by him.

**Same.**

2. The execution and delivery of such receipt operates as a valid pledge of the property without the necessity of an actual change of possession; a symbolical or constructive delivery through the issuance and delivery of such warehouse receipt being sufficient.

**Same.**

3. Such a transaction operates in law to create the holder of such receipt a bailor and the warehouseman a bailee of the property under said warehouse statute during the time such property remains in such warehouse, and renders the surety on the warehouseman's bond liable for its safe-keeping.

—17—

**Foreign Corporation — Compliance With State Law.**

4. Following the rule announced by this court in the recent case of Sucker State Drill Co. v. Wirtz Bros., 115 N. W. 844, it is *held* that plaintiff, a foreign corporation, did not violate the statute of this state (sections 4695-4697, Rev. Codes 1905) prescribing the conditions upon which such corporations may do business within our borders.

**Appeal — Review — Error Without Prejudice.**

5. Certain alleged errors of law occurring at the trial in the rejection of testimony and in instructions to the jury examined, and *held* not prejudicial for reasons stated in the opinion.

**New Trial — Specification of Error.**

6. *Held,* further, that such rulings and the giving of the instructions complained of, if error, cannot avail appellant, as the same were not properly specified in the notice of intention to move for a new trial; the motion for new trial being based upon the minutes of the court.

Appeal from District Court, Cass County; *Pollock, J.*

Action by the state of North Dakota, to and for the use of the Hart-Parr Company, against the Robb-Lawrence Company and the Northern Trust Company. Judgment for plaintiff, and the Northern Trust Company appeals.

Affirmed.

*Pierce & Tenneson* and *A. W. Cupler,* for appellant.

A warehouseman cannot pledge his own property by the issuance of a warehouse receipt. Sexton v. Graham, 4 N. W. 1090; Yennie v. McNamee, 45 N. Y. 614; Franklin Natl. Bank v. Whitehead, 39 L. R. A. 725; Bank v. Nelson, 95 Am. Dec. 400; Adams v. Merchants Natl. Bank, 2 Fed. 174; Greenleaf v. Dows, 8 Fed. 550.

There must be a delivery of possession. Section 6195, Revised Codes, 1905; Willard v. Elevator Co., 10 N. D. 400, 87 N. W. 996.

State cannot impose restrictions upon a foreign corporation where its business is interstate or foreign, or it is a federal agent. Pembina Con. S. M. & M. Co. v. Pennsylvania, 125 U. S. 181, 31 L. Ed. 650; Clark & Marshall, Priv. Corp. volume 3, page 2706.

A foreign corporation may be doing business within the state, in the sense of the statute although it has no office or place of busi-

ness therein. Clark & Marshall, Priv. Corp., supra; Lamb & Lamb, 6 Biss. 420, Fed. Cas. No. 8018; Farriar v. New England, etc., 7 So. 200; People v. Horn Silver M. Co., 105 N. Y. 76; People v. Wemple, 27 Am. St. 542; Com. & Gloucester Ferry Co., 98 Pa. St. 105.

Receiving proceeds of converted property waives the wrongfulness of the act. 28 Am. & Eng. Enc. of Law, 739.

*V. R. Lovell,* for respondent.

A pledge is created by actual or constructive delivery; in the latter case, as by warehouse receipt, possession of actual property pledged must be retained by warehouseman.     Merchants v. Hibbard, 48 Mich. 118; National, etc. v. Wilder, 24 N. W. 699; Egger v. Hayes, 40 Minn. 182; Milliorn v. Clow, 42 Ore. 169; Alabama, etc. v. Barnes, 82 Ala. 607; Broadwell v. Howard, 79 Ill. 303; Horr v. Barker, 8 Cal. 614; National v. Wallbridge, 19 Ohio St. 424.

A consignment of goods by a nonresident manufacturing corporation to a resident commission merchant within this state is not in violation of the law regulating doing business by foreign corporation therein. DeWitt v. Berger, 81 S. W. 334; Bell City v. Frizzell, 81 Pac. 58; Coit v. Sutton, 25 L. R. A. 819; Penn. etc. v. McKeever, 87 N. Y. Supp. 819; Oakland v. Fred, etc., 118 Fed. 243; Milan v. Gorton, 27 S. W. 971; Wolf v. Bigler, 43 Atl. 1092; Miller v. Goodman, 40 S. W. 719; Kilgore v. Smith, 15 At. 698; Cummer, etc. v. Associated, etc., 73 N. Y. 668; Huppman, etc. v. Western, etc., 36 S. W. 306.

Fisk, J.   Plaintiff recovered judgment in the court below, and defendant the Northern Trust Company alone appealed from the judgment.   The facts, briefly stated, are as follows:   The Hart-Parr Company, for whose use this action is prosecuted, is a foreign corporation engaged in the business of manufacturing engines at Charles City, Iowa, and in selling the same throughout the country.   The defendant Robb-Lawrence Company was organized as a corporation under the laws of this state, and duly authorized to do business as a public warehouseman under the provisions of chapter 141, page 180, Laws 1901, being sections 2262-2272, Revised Codes 1905; the appellant being a surety upon the bond of the Robb-Lawrence Company, as such warehouseman, given pursuant

to such statute. In addition to its business as a public warehouse-
man, the Robb-Lawrence Company was a dealer in farm implements
and machinery, and in 1903 and 1904 it handled plaintiff's goods
under commission contracts at Fargo, and in certain specified terri-
tory adjacent thereto. On May 26th, 1904, the Robb-Lawrence
Company, being indebted to the plaintiff in a large sum, and for the
purpose of securing such indebtedness by a lien upon certain prop-
erty then contained in its public warehouse, and owned by it, exe-
cuted and delivered to plaintiff the following warehouse receipt:
"Robb-Lawrence Company. Office and Warehouse. Northern
Pacific Ave. and Eighth Street. Phone 516. Warehouse receipt
No. 7. Fargo, N. D., May 26th, 1904. Received in store from
the Hart-Parr Company on account of themselves P. O. Address
Chas. City, Iowa, the goods named below, subject to the conditions
printed on the back of this receipt. Storage, $———paid for first
month and $——— per month for each subsequent month or part
thereof. Handling charges $ Paid. Advance charges $———.
Insurance: Yes. Carried by R———L———Co. I 30-horse
Power Oil Cooled Gasoline Engine, No. 1211. 1 7-horse Power Oil
Cooled Portable Gasoline Engine, Style No. 5, enclosed. 1 No. 12
Farquhar separator. 1 Wood Bros. self-feeder. 1 Farquahar
wagon loader and weigher. 5 Noyes & Surreys, No. 220-221, 390-
391. Value of above estimated at $2,970.00. Robb-Lawrence Com-
pany, By Wilbur Lawrence, Sec'y. Original." At the time of the
issuance and delivery of such receipt there was no actual change of
possession of the personal property covered by the receipt. There-
after, the indebtedness aforesaid being past due, plaintiff tendered
to the Robb-Lawrence Company the receipt aforesaid, and de-
manded the possession of said property, which demand plaintiff con-
tends was refused for the reason that such property had theretofore
been sold and disposed of by said defendant, and thereby con-
verted to its own use. This action was brought against said Robb-
Lawrence Company as principal, and the appellant, as surety, upon
the bond aforesaid, pursuant to the provisions of section 2264,
Revised Codes 1905, which is as follows: "When any one licensed
to do business as a public storage company or as a public warehouse-
man fails to perform his duty, or violates any of the provisions of
this article, any person, persons or corporations injured by such fail-
ure or violation may, with the consent of the attorney general,
bring an action in the name of the state, but to his or their own use,

in any court of competent jurisdiction, on the bond of such company or warehouseman.   In such action the person, persons or corporation in whose behalf the action is brought shall file with the court a satisfactory bond for costs, and the state shall not be liable for any costs."   The appellant, at the close of plaintiff's testimony, and also at the close of all the testimony, moved for a directed verdict, and thereafter moved for judgment notwithstanding the verdict and also for a new trial, each of which motions was denied, and these rulings constitute the basis of appellant's assignment of error.

Appellant's first contention is that a warehouseman cannot make a valid pledge of his own property by the issuance of a warehouse receipt, and hence that the holder of such receipt acquires no lien upon the property. Our attention is directed to section 6195, Rev. Codes 1905, which provides: "The lien of a pledge is dependent on possession and no pledge is valid until the property pledged is delivered to the pledgee or to a pledge holder as hereinafter prescribed."   Also to section 2248, Revised Codes 1905, which prohibits the owners of grain elevators and warehouses from issuing warehouse receipts for grain not actually delivered into such warehouse.   The latter section has no application to · the case   at bar, as it refers merely to the issuance of warehouse receipts for grain delivered in the elevator or warehouse.   This section was enacted as a part of chapter 126, page 321, Laws 1891, which deals solely with grain warehouses.   For the statute law applicable to this case, we must look to chapter 141, page 180, Laws 1901, being sections 2262-2272, Revised Codes 1905, which relates generally to warehouses for the storage of goods,   wares   and   merchandise; grain in bulk being expressly excepted from the provisions of the act.   It is a noticeable fact that this statute contains no provision corresponding with section 2248, Revised Codes 1905, above referred to.   This distinction in the two statutes is an important one. See opinion of Brown, J., in Re St. P. & K. C. Grain Co., 89 Minn. 98, 94 N. W. 218, 99 Am. St. Rep. 549.   We are therefore squarely confronted with the proposition whether under the provisions of chapter 141, page 180, Laws 1901, a warehouseman can by the issuance and delivery of a warehouse receipt for property owned by him and contained in his warehouse create a valid pledge of such property to his creditor as security for his indebtedness, and thereby, without an actual change of possession of the property, become a lawful

bailee thereof, under such statute. In order to hold the trust company liable as surety on the bond, it is, of course, necessary that the transaction should have operated to create the Robb-Lawrence Company a bailee of the property under the warehouse statute aforesaid; the bond being conditioned, in the language of the statute, "for the faithful discharge of the duties by the Robb-Lawrence Co. of a public warehouseman." It is entirely clear that such would have been the result if the Robb-Lawrence Company had pledged the property to plaintiff by an actual delivery thereof to it, and the latter had then immediately deposited the same in such warehouse for storage or safe-keeping under the statute. Was such a formal transfer and retransfer of the actual possession necessary to create a valid pledge and deposit or bailment of the property, so as to render the appellant as such surety liable on the bond aforesaid? The statute is plain, it is true, that the lien of a pledge is dependent on possession, and that no pledge is valid until the property pledged is delivered to the pledgee or to a pledge holder; but is a literal compliance with this statute necessary? Does the law require a mere formal and apparently useless ceremony to be performed by the turning of the property over and turning it back again? We think not. "The law neither does nor requires idle acts." Section 6679, Revised Codes 1905. We do not think our statute relating to pledges was intended as a departure from the common-law and well-established rule that a delivery of the actual or constructive possession of the property is all that is required to constitute a valid pledge. In 30 Am. & Eng. Enc. of Law, 74, the rule is tersely and correctly stated as follows: "By the weight of authority a warehouseman having property of his own stored in his warehouse may, in the absence of statute, issue receipts therefor, and pledge them as collateral security for his own debt by delivery of the receipts." To the same effect, see Colebrooke on Collateral Securities, section 420, also the following authorities: In Re St. P. & K. C. Grain Co., 89 Minn. 98, 94 N. W. 218; 99 Am. St. Rep 549; Millhiser Mfg. Co. v. Gallego Mills Co., 101 Va. 579, 44 S. E. 760; Bank v. Hibbard, 48 Mich. 118, 11 N. W. 834, 42 Am. Rep. 465; Cochran v. Ripy, 13 Bush. (Ky.) 495; Parshall v. Eggert, 54 N. Y. 18; Smith v. Capitol Elevator Co., 9 Kan. App. 144, 58 Pac. 483; Norwegian Co. v. Hawthorn, 71 Wis. 529, 37 N. W. 825; Broadwell v. Howard, 77 Ill. 305; Bank v. Wilder, 34 Minn. 149, 24 N. W. 699; Millorn v. Clow,

42 Or. 169, 70 Pac. 398; Alabama, etc., v. Barnes, 82 Ala. 607, 2 South. 349; Eggers v. Nat. Bank, 40 Minn. 182, 41 N. W. 791; 2 Current Law, 2030. The Supreme Court of Minnesota in the recent case of In re St. P. & K. C. Grain Co., supra, said: "It is elementary that a valid pledge of personal peroperty can be created only by a delivery to the pledgee of either an actual or constructive possession of the pledged property. The delivery of a recognized symbol of title, such as a warehouse receipt, issued by a warehouse-man as owner, is sufficient as constructive delivery. * * * This is the common-law rule, and is presumed to be the same in all states."

We fail to find anything in our statute requiring us to depart from this almost universal doctrine. Certain cases are cited by appellant's counsel apparently holding to the contrary; but, upon examination, they will be found to have been decided upon local statutes changing the common-law rule or to rest upon facts not parallel to those in the case at bar. Section 2266, Revised Codes 1905, is in harmony with the general rule above stated. It provides: "The title of goods and chattels stored with a public storage com-pany or in a public warehouse shall pass to a purchaser or pledgee, by the indorsement and delivery to him of the storage company's or warehouseman's negotiable receipt therefor, signed by the party to whom such receipt was originally given, or by an indorsee of such receipt, subject to all liens and charges thereon for ware-housing, advanced charges and insurance." Our conclusion upon this point is, in brief, that the pledge of this property by the Robb-Lawrence Company to the plaintiff was valid, and that by the issu-ance of such warehouse receipt to plaintiff, and the retention of the property in such warehouse, the relation of the Robb-Lawrence Company to said property thereafter was that of a public warehouse-man under the law, and hence that appellant, the Northern Trust Company, as such surety became liable under the bond 'for its safe-keeping.

Appellant's second contention is that plaintiff, being a foreign corporation, and not having complied with our statute (sections 4695, 4697, Revised Codes 1905,) prescribing the conditions upon which such corporations may do business in this state, cannot main-tain this action, and that such contract is void under section 4699, Revised Codes 1905. In answer to this contention it is sufficient to say that the facts in the case at bar, as we understand them, are

very similar to the facts in Sucker State Drill Co. v. Wirtz Bros. (just decided by this court) 17 N. D. 313, 115 N. W. 844, and the rule there announced is in all things controlling on this point against appellant's contention; and we deem it unnecessary, therefore, to notice this defense further.

It is next contended by appellant that the conversion of the property by the warehouseman was subsequently waived by plaintiff by receiving and retaining a portion of the proceeds of certain of said pledged goods, knowing that the same had been wrongfully sold and converted by the warehouseman. Conceding this to be true does not aid appellant, for the obvious reason that such waiver of the conversion of a portion of the property merely went to a diminution of plaintiff's recovery, and hence was not a ground for the direction of a verdict or for judgment non obstante. Kerr v. Anderson, 16 N. D. 36, 111 N. W. 614. It was not ground for a new trial, as no proper specification thereof was contained in the notice of intention to move for a new trial. It was not prejudicial, as the trial court in charging the jury told them, in effect, that in determining the plaintiff's damages, in the event they found for plaintiff, to omit the value of any property converted, the proceeds of which were paid to and knowingly received by plaintiff. It also appears that at about the time such proceeds were turned over to plaintiff the Robb-Lawrence Company took a receipt therefor from plaintiff's attorneys, which receipt expressly set forth an agreement that such payment should not operate as a ratification of such sale, or as a relinquishment of any of plaintiff's rights under the warehouse receipt aforesaid. For these reasons, we must overrule appellant's contention on this point.

The fourth contention relates to the ruling of the district court in refusing to permit the witness Lawrence to answer the following question: "At the time of the execution of the warehouse receipt was there any amount stated that should be secured by such warehouse receipt?" This ruling was clearly erroneous, as respondent's counsel, in effect, concede; but it does not appear that the same was in any manner prejudicial. No offer of proof was made, and the undisputed testimony is that the warehouse receipt was issued to secure the entire indebtedness of the Robb-Lawrence Company to plaintiff, and that such indebtedness was in excess of the value of the property as found by the jury.

Appellant next complains of the court's refusal to give a certain cautionary instruction to the jury relative to their consideration of the testimony given by one of the plaintiff's attorneys. The requested instruction was no doubt correct as an abstract proposition; but its refusal in this case was not prejudicial. The testimony of this witness relates solely to a written demand for this property claimed to have been served on the Robb-Lawrence Company by said witness in plaintiff's behalf. Such demand was not seriously controverted. In fact, Lawrence, the secretary of the Robb-Lawrence Company, testified that the written demand (Exhibit N) was delivered to the Robb-Lawrence Company. Furthermore, this alleged error, as well as the two preceding ones, is not properly before us, and cannot be considered for the reason that they are not properly specified in the notice of intention to move for a new trial. Section 7065, subd. 3, provides: "When the motion is to be made upon the minutes of the court and the ground * * * * of the motion is error in law occurring at the trial, and excepted to by the moving party, the notice of intention must specify the particular errors upon which the party will rely. If the notice does not contain the specifications herein stated, and the motion is made on the minutes of the court, the motion must be denied."

The only specification of errors in law occurring at the trial contained in the notice of intention to move for a new trial, other than the specifications relating to the rulings in refusing to direct a verdict, is as follows, and not otherwise: "(a) Errors of the court in the admission and exclusion of evidence. (b) Errors of the court in instructions to the jury and in refusing to give to the jury certain instructions asked by the defendant the Northern Trust Company." Such specifications of error are manifestly insufficient under the statute aforesaid; and hence the motion for a new trial, in so far as such alleged errors are concerned, was under the statute properly denied.

The remaining points urged in appellant's brief relate to alleged errors in the instructions to the jury, and need not be noticed for the reason last stated.

Finding no reversible error in the record, the judgment appealed from is affirmed. All concur.