## PITTMAN v. FORT WORTH WAREHOUSE & STORAGE CO. (No. 10447.)

(Court of Civil Appeals of Texas. Fort Worth. Dec. 1, 1923. Rehearing Denied Jan. 12, 1924.)

**1. Carriers ⊙⇒91—Owner not obligated to receive tender of goods after conversion. -**

In an action for damages for conversion of household goods by a dray company employed to move plaintiff's belongings, that plaintiff, after the goods were taken, refused to accept them when tendered, either out of court or in, did not preclude her from recovery for such conversion, since, having been put to the expense of replacing the goods converted, she was not obligated to accept the goods tendered thereafter.

**2. Trover and conversion ⊙⇒22—Tender of goods no defense though admissible in mitigation of damages.**

Tender to the owner of goods converted does not preclude recovery of damages, though under some circumstances, as, where the conversion is technical, or the result of mistake, the tender is admissible in mitigation of damages.

**3. Carriers ⊙⇒188—Dray company bound to comply with contract before entitled to its charges for haulage.**

In an action against a dray company for conversion of plaintiff's household goods, where the company had promised not only to transport plaintiff's goods from one house to another, but to place them in the house to which she was moving, the company was obligated to fulfill its contract before it was entitled to its charges.

**4. Carriers ⊙⇒94(5)—Legality of charge made by dray company for transportation of household goods held for the jury.**

In an action against a dray company for the conversion of plaintiff's household goods, which it was holding for charges of drayage, held, that the legality of the charge made by the company for the transportation of plaintiff's goods should have been submitted to the jury.

**5. Trial ⊙⇒181—Statute requiring objection to charge to be made before given to jury inapplicable to peremptory instruction.**

Acts 1913, c. 59, requiring objection to the court's charge to be made before being given to the jury, is inapplicable to a peremptory instruction.

**6. Appeal and error ⊙⇒230—Appellate court held authorized to consider assignment of error as to the giving of a peremptory charge in trial court, though objection not made before charge was given.**

Where plaintiff submitted a special charge which called the court's attention to plaintiff's claim that she was entitled to have the issue involved in the case submitted to the jury, and that the court was wrong in concluding that a peremptory instruction for defendant was proper, and plaintiff filed motion for new trial setting up such ground, it was sufficient to authorize consideration of plaintiff's assignment of error as to the giving of the peremptory charge, in view of Rev. St. art. 1612, though she did not object to the charge before it was submitted, and did not reserve a bill of exceptions to the giving thereof.

On Motion for Rehearing.

**7. Damages ⊙⇒105—Damages where household goods are lost through negligence based on reasonable worth to plaintiff.**

Where household goods are lost through negligence. the measure of damages is not what secondhand goods of the same kind would cost, but what the goods lost, destroyed, or taken, were reasonably worth to plaintiff in the condition they were in at the time.

**8. Damages ⊙⇒188(2)—Method of arriving at value of secondhand household goods lost or destroyed.**

Where secondhand household furniture or wearing apparel are wholly destroyed, or converted, a proper method of arriving at their value at the time of loss is to take into consideration the cost of the articles new, the extent of their use, whether worn or out of date, their condition at the time, and from these facts to determine their value.

**9. Damages ⊙⇒188(2)—Unnecessary to prove the want of market value of goods lost or destroyed.**

It is unnecessary to allege or prove the want of market value of secondhand household furniture or wearing apparel in order to make available proof of actual value.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

---

Action by Mrs. Mazzie Pittman against the Fort Worth Warehouse & Storage Company. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Hunter, Hunter & Stewart, of Fort Worth, for appellant.

William F. Young, of Marshall, for appellee.

BUCK, J. Mrs. Mazzie Pittman sued the Fort Worth Warehouse & Storage Company, a corporation, for damages, alleging that on February 9, 1922, she employed the defendant company to move her furniture from 1801 West Magnolia avenue to 1115 St. Louis avenue, in the city of Fort Worth, and by such contract of employment the defendant company agreed to move her said furniture carefully and without injury or blemish, and expeditiously, and would charge her only $4 an hour, for the moving van and three employees; that they agreed to move said furniture and place it as she directed in her new home; that some of her household goods were of mahogany and of very fine quality; that while moving said furniture the defendant negligently and carelessly handled the same, and broke, injured, and damaged many pieces, and lost the rollers of other pieces; that the defendant company was unnecessarily slow in moving said furniture and household effects, and took more time than was reasonably necessary, and charged her for 8 hours' work, which charge was excessive. She further alleged that they did not move all of her furniture and household effects, but left a considerable part in the house on Magnolia avenue, which she afterwards had to have removed by other parties; that the defendant company, in order to fraudulently extend the time for such removal, carried some of her furniture back from her house on St. Louis avenue to the house on Magnolia avenue, and thus hauled such part more than once. She further alleged that when the defendant company brought the last load, and before the same had been unloaded and placed in the house, according to the contract, demand was made of her for payment for the claimed 8 hours' time used in hauling the furniture and household effects, and that she insisted that the same be placed in her house as agreed, and then, though she claimed the charges were exorbitant, offered to pay $25 of said amount and retain $7 of said charges until the damaged furniture was repaired by defendant company, or she could have the same repaired, but defendant company refused to do this, and took the last load of her furniture and household effects to its warehouse, and converted the same to its own use and benefit. In the list of household effects converted by the defendant are one gas range stove, valued at $105, one lawn mower, certain garden utensils, a rake, hoe, etc., one child's chair, and three letter files and contents, valued at $2,000, and one large file (record Miami mines) which she valued at $500. She alleged the reasonable market value of such household effects so converted was $2,831.85. But on the trial of the case, when the letter files were presented to her while she was on the witness stand, she said: "These are my dead husband's letters, and I am going to keep them." Whereupon the plaintiff announced that she would eliminate from her claim for damages the $2,000 claimed for the three letter files; also she apparently waived recovery for a "large file (record Miami mines)." Hence there were left only the claims for the other articles, amounting to $831.85. She further alleged that defendant's agents, including its general manager, had been very ungentlemanly and rude to her in connection with conversations and conduct had as to the controversy, and she asked for $3,000 exemplary damages.

The defendant answered by way of a general demurrer and certain special exceptions, a general denial, and specially pleaded that it was a common carrier under the laws of the state of Texas, and had a lien on the goods transported by it for the payment of the charges; that it retained the goods alleged to be converted only for the purpose of collecting its charges, which it alleged to be reasonable and proper. It further alleged that it tendered to plaintiff the goods taken by it, and stood ready to repair any goods injured or damaged, but that the plaintiff refused to accept the tender and refused to permit the repair man to enter her house. A further charge was made by the defendant for certain barrels and boxes alleged to have been furnished plaintiff several months before the transactions heretofore recited occurred, when she was intending to remove from Fort Worth, and wanted her goods packed in proper receptacles. As to this last-mentioned charge, the plaintiff claimed that the boxes and barrels had been furnished her for the purpose of packing her goods, and that when she determined to stay in Fort Worth and to move to St. Louis avenue the defendant, through its general manager, told her that there were no charges for such boxes and barrels, and that when they moved her household goods the men could get the boxes and barrels and return them to the warehouse. She insisted on paying them the reasonable charge for the use of the barrels and boxes, and it was finally agreed that $1.50 was the amount.

On the trial, plaintiff offered testimony, by herself and other witnesses, tending to prove the allegations of her petition as to overcharges and other items of claims contained therein. On the trial the defendant brought into court certain articles of household goods which it claimed were the goods alleged to have been converted by it, and tendered them to the plaintiff. Defendant tried to get plaintiff to identify them, but, on advice of coun-

sel, she refused to accept the tender, and failed to identify them as her goods. Upon the conclusion of the testimony, the trial court peremptorily charged the jury to find a verdict in favor of the defendant as against the cause of action set forth in plaintiff's petition, and to find for the defendant against the plaintiff judgment for $33.50, being the item of $32 for carrying charges and $1.50 drayage on the barrels and boxes. The court entered a judgment in accordance with the verdict returned by the jury, and from this judgment plaintiff has appealed.

[1, 2] We are of the opinion that the trial court erred in instructing a verdict against the plaintiff and in favor of the defendant as to her claim for damages, and also in instructing a verdict for the charges which defendant claimed were due it for the hauling and drayage. The fact that the plaintiff, after the goods were taken and alleged to be converted by the defendant, refused to accept the goods when tendered either out of court or in court, would not necessarily preclude her from recovery for such conversion. If the taking was unwarranted in the first place, and while the defendant held the goods, even though it may be said that it held them for the collection of its charges only, the plaintiff had been to the expense of buying other goods, including the stove, necessary to the living of her family and herself, and to take the place of the goods taken, she would be under no obligation to accept the goods tendered thereafter, especially those goods which she had been required to replace. She had already filed suit when the tender was made.

"It has been held that a tender cannot be made after suit brought and be pleaded as such, but that the defendant must move the court for leave to pay in so much as he admits to be due, together with all accrued costs, and that the money may be brought in on the court's order and the amount struck from the complaint." 26 R. C. L. p. 632, § 13.

In Weaver v. Ashcroft, 50 Tex. 427, 444, it is said:

"Whether the sheriff wrongfully took possession of the entire stock of goods, was, we think, mainly a question of fact. If he did, and the conversion was complete, the fact that he afterwards tendered back the goods, or a part thereof, does not relieve him from full responsibility. A tort is not cured by a tender without acceptance. Gibbs v. Chase, 10 Mass. 128; Vosburgh v. Welch, 11 Johns. 175. The effect of such tender and refusal is discussed by Justice Bronson in Hanmer v. Wilsey, 17 Wend. 91. The case was one where a horse was seized under an attachment illegally issued, and on the discovery of this fact the constable returned the horse to the stable, and notified the owner, who refused to receive him. In that case, as in this. the plaintiff had, before the proffered return, commenced legal proceedings. He says: 'But, independent of the fact that the plaintiff had commenced legal proceedings, there was no ground for mitigating damages. The horse had been wrongfully taken, and the plaintiff had a right to insist on being paid the value. The actual return of the horse to the plaintiff's stable without his assent was a matter of no legal consequence.' Again: 'It was a matter of no moment to the plaintiff what became of the horse after the original illegal taking. Replacing the animal in the plaintiff's stable without his assent was a nugatory act; it could no more operate to prejudice the plaintiff than any other disposition which the defendant might have made of the property."

See, also, 38 Cyc. 147; King v. Bank (Tex. Civ. App.) 159 S. W. 437.

In 38 Cyc. p. 2102, subd. (d), it is said:

"As a general rule, an offer to return property converted is not admissible even in mitigation of damages; but where the conversion is technical. inadvertent, or the result of a mistake, and the property is still in statu quo, an offer to return it may be shown in mitigation of damages."

Upon this point, in Miss. Mills v. Meyer, etc,. 83 Tex. 433, 18 S. W. 748, our Supreme Court had under consideration a case involving seizure under a void writ, which they held to be a conversion. Evidence was offered that, subsequent to the issue of the void writ and seizure of the property thereunder, and while the officer was holding the property, a new valid writ was secured, and a levy made thereunder. The court held that the testimony as to the second levy was admissible in mitigation of damages. In 26 R. C. L. pp. 1110 et seq., the author discusses the question of trover and conversion. And on page 1113 it is said:

"When an actual conversion of goods has taken place, the owner is generally under no obligation to receive them upon a tender by the wrongdoer, and, even though the tender be accepted by the owner, this is generally regarded as no bar to the action."

See, also, State of North Dakota, to Use of Hart-Parr Co. v. Robb-Lawrence Co., 17 N. D. 257, 115 N. W. 846, 16 L. R. A. (N. S.) p. 227, for a further discussion.

We believe the law is well settled that the tender to the owner of goods wrongfully converted by another does not preclude the recovery of damages, although under some circumstances the evidence is admissible in mitigation of damages.

[3-5] In the instant case the evidence of the plaintiff shows that the defendant company had promised not only to transport her goods from one house to another, but to place them in the house to which she was moving. This was a part of the contract, and which part would have to be fulfilled before the defendant would be entitled to its charges. Furthermore, we think the evidence was conflicting as to the amount of defendant's claim against plaintiff for hauling, to which it was legally entitled. There was evidence that unnecessary time had been consumed in hauling; that the defendant's agent had kept

the gas range in the van and had returned with it from the St. Louis avenue house to the Magnolia avenue house at least once, which was admitted by the manager of the company during the trial; and other questions involving the legality of the charge made by the defendant against the plaintiff at the time of the transportation of the goods, which we think ought to have been submitted to the jury. Appellee in its brief urges that this court is not authorized to consider appellant's claim that the trial court erred in giving a peremptory instruction against her, for the reason that no exception was reserved to this charge. The case of Harlan v. Acme Sanitary Flooring Co., 231 S. W. 348, by the Commission of Appeals, approved by the Supreme Court, holds that, under Acts of the Legislature 1913, c. 59, requiring objection to the charge to be made before given to the jury, is not applicable to a peremptory instruction. In Walker v. Haley, 110. Tex. 50, 214 S. W. 295, our Supreme Court said:

"The 'charge of the court' with which the act deals, is a charge applying the law to the facts of the case for the jury's guidance, a charge for that end, and which for supposed errors may be open to correction. It has no reference to a direction of the verdict, which leaves the jury with no province, and subject, therefore, to no influence from a charge; which is not a 'charge' at all in any true sense, but only the means of giving effect to the sustaining of a demurrer to the evidence; and which, if erroneous at all, is so, not because of any defect in the direction, but because of the court's mistaken view as to the effect of the proof."

See, also, Decker v. Kirlicks, 110 Tex. 90, 216 S. W. 385; Shumaker v. Byrd, 110 Tex. 1, 216 S. W. 862.

[6] The plaintiff, upon the conclusion of the testimony, and probably after the court had announced that he was going to peremptorily instruct for the defendant, submitted a special charge, which, if not proper in all respects, at least called the court's attention to plaintiff's claim that she was entitled to have the issues involved in the case submitted to a jury, and that the plaintiff was claiming that the court was wrong in its conclusion that a peremptory instruction for the defendant was proper. Plaintiff filed a motion for a new trial, in which she set up various grounds of alleged error, and one of these was the action of the court in peremptorily instructing the jury to return a verdict for the defendant. We believe that we should not refuse to consider appellant's assignment by reason of the fact that she did not object to the charge before it was submitted, and did not reserve a bill of exceptions to the giving of such charge. Article 1612, Rev. Statutes.

We think the trial court erred in giving a peremptory instruction for the defendant as against the plaintiff's claim, and peremptorily instructing the jury to return a verdict for the defendant for the amount for which the judgment was rendered. Therefore the judgment of the trial court will be reversed, and the cause remanded for a new trial not inconsistent with this opinion. In reversing the judgment our judgment should not be construed to preclude plaintiff from recovering exemplary damages, if shown to be recoverable.

### On Motion for Rehearing.

[7-9] Appellee urges that there was no evidence of probative force to support appellant's suit for damages; that appellant failed to show the reasonable market value of the goods taken by appellee, and failed to show that said goods had no market value. Hence, that she failed to show that she was entitled to damages for the alleged conversion. She testified to the lowest cost price, when new, in the local market, of some of these goods, and testified to the wholesale cost of the leaves of a table which she claimed were taken by appellee. The rule as to the measure of damages for household goods lost through the negligence of a defendant, or taken by him, is not what secondhand goods of the same kind would cost, but what the goods lost, destroyed, or taken were reasonably worth to the plaintiff in the condition they were in at the time. Where secondhand household furniture and wearing apparel is wholly destroyed, or converted, a proper method of arriving at their value at the time of the loss is to take into consideration the cost of the articles new, the extent of their use, whether worn or out of date, their condition at the time, etc., and from these and other pertinent facts to determine their value. G. H. & S. A. Ry. Co. v. Wallraven (Tex. Civ. App.) 160 S. W. 116. It seems that it is not necessary to allege or prove the want of market value of such goods in order to make available proof of actual value. Wells Fargo Express Co. v. Williams (Tex. Civ. App.) 71 S. W. 314; Benedict v. C., R. I. & P. Ry. Co. (Tex. Civ. App.) 91 S. W. 811; I. & G. N. Ry. Co. v. Nicholson, 61 Tex. 550; A., T. & S. F. Ry. Co. v. Smythe, 55 Tex. Civ. App. 557, 119 S. W. 892, 895, writ of error refused; Pecos & N. F. Ry. Co. et al. v. Grundy et al. (Tex. Civ. App.) 171 S. W. 318.

We have considered the other questions stressed in the motion for rehearing, but believe that we have correctly disposed of them on original hearing. The motion is overruled.