# MARCH, 1918

ABE W. WAGNER v. J. T. ROBISON, COMMISSIONER OF GENERAL LAND OFFICE.

No. 2932.    Decided March 6, 1918.

**Jurisdiction of Supreme Court—Question of Fact—Public Lands.**

On application to the Supreme Court for writ of mandamus requiring the Commissioner of the General Land Office to issue to applicant a permit to prospect for oil, etc., on public lands, it appeared that applicant's right was dependent on the question whether the lands on which he had filed application for the permit with the county clerk of the county were, as he claimed, surveyed lands of the State, or were submerged lands under the waters of a bay, in which case application must be filed with the county surveyor. This being a question of fact controverted by the sworn answer of respondent, it is held that the Supreme Court had no jurisdiction to pass on that question, and the petition must be dismissed. (P. 115.)

Original application to the Supreme Court for writ of mandamus against Robison as Land Commissioner, with whom L. H. Bailey, an adverse claimant, was joined as co-respondent.

*Love, Channell & Fouts* and *Wagner & Wagner*, for relator.

*B. F. Looney*, Attorney General, and *G. B. Smedley*, Assistant, for respondent Robison.

*T. H Stone*, for respondent Bailey.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The relator here seeks a mandamus to require the Commissioner of the General Land Office to issue him, under the Act of the Thirty-third Legislature (chapter 173), a permit to. prospect for oil and gas upon a certain tract of land in Harris County. A like permit covering the same land has been previously issued by the Commissioner to L. H. Bailey, who is joined as a respondent. The issuance of the previous permit to Bailey is alleged as the Commissioner's reason for refusing the relator's application. The relator assails the validity of the permit granted to Bailey upon the ground that it is violative of the constitutional provision, declaring, "Nor shall any member of the Legislature be interested, either directly or indirectly, in any contract with the State, or any county thereof, authorized by any law passed during the term for which he shall have been elected" (section 18 of article 3), he having been a member of the Legislature which adopted the Act.

Section 3 of the Act provides that an applicant for the prospecting privilege upon any of "the surveyed lands" of the State with which it deals, shall first file his application with the County Court clerk of the county in which the land lies.

Section 4 declares that if the application be sought as to "any of the State's islands, salt water lakes, bays, marshes, reefs, and fresh water lakes owned by the State, or in any of the unsurveyed public land," it shall be first filed with the county surveyor of the county where the area is situated.

The purpose of these requirements is clearly revealed in the Act and need not be discussed. Their observance, according to the class of the land or area for which the prospecting permit is desired, is plainly essential to the right to have it issue.

The relator avers that the tract of land involved is a part of the "surveyed" public land of the State. His application was filed with the clerk of the County Court of Harris County, who was the proper official with whom to file it if the land is of that class. On the other hand, the respondent Bailey declares under oath in his answer that the tract constitutes no part of the "surveyed" land of the State, but is wholly submerged land, lying wholly under water in Tabbs Bay, a salt water bay and an arm of San Jacinto Bay. Whether the relator has complied with the Act in the matter of filing his application for the permit, which, apart from any other question, would be necessary to entitle him to a mandamus, depends upon the solution of this issue made by the pleadings. It presents an issue of fact which we are without power to determine.

The petition for the writ of mandamus is, therefore, dismissed for want of jurisdiction. Edwards v. Terrell, 100 Texas, 26.