J. D. SIBLEY v. J. T. ROBISON, Commissioner of the General Land Office.

No. 3816.   Decided June 11, 1919.

(21£ S. W., 932.)

**1.—Oil and Gas—Permit to Prospect—Filing Application.**

Application for permit to prospect for oil and natural gas on land be-longing to the State, under the Act of April 9, 1913 (Laws, 33d Leg., ch. 173, p. 409) is properly filed with the county clerk when the land is "surveyed land" within the meaning of the Act, though lying within a salt-water bay.  (P. 3.)

**2.—Same—Surveyed Land.**

Where land belonging to the State and not before surveyed, being with-in the limits of a salt-water bay, had been, on application for a permit to prospect thereon for oil and gas, duly surveyed by the county surveyor and field notes thereof returned to and on file in the General Land Office, but such applicants had not obtained permit, a subsequent applicant properly treated this as surveyed land within the meaning of the Act, and rightly filed his application for permit with the county clerk, rather than with the county surveyor as required in case of unsurveyed land.  A permit issued to him on application so filed was valid.  (Pp. 3, 4.)

Original proceeding in the Supreme Court, petition by Sibley for writ of mandamus against Robison, as Land Commissioner, with whom were joined as respondents W. J. Fox, Humble Oil & Refining Co., C. D. Keen, and W. C. Woolf.

*McMeans, Garrison & Pollard,* for relator.—The area upon which relator seeks his permit is not under the provisions of said Acts, never has been and cannot be a part of the "surveyed lands" of the state; therefore the issuance by respondent, J. T. Robison of permit to W. J. Fox on the theory that the area was "surveyed lands" was illegal and void, and relator having complied with all of the laws entitling him to a permit upon the area is entitled to the

110 Tex.—1.

writ of mandamus to compel the issuance thereof. Chapter 173, Acts of the Regular Session of the Thirty-third Legislature; Chapter 18, Acts First Called Session Thirty-third Legislature; Wagner v. Robison, Commissioner, 201 S. W., 171; DeMerritt v. Robison, 116 S. W., 796; Roberts v. Terrell, 110 S. W., 733; Rosborough v. Picton, 4 S. W., 791.

In support of a motion for rehearing, which was overruled: Where that which is directed to be done is within the sphere of legislation, and the terms used clearly express the intent, all reasoning derived from the supposed inconvenience, or even absurdity, of the result is out of place. It is not the province of the Court to supervise legislation, and keep it within the bounds of propriety and common sense. Sutherland's Stat. Con., Vol. 2, p. 705, 2nd Ed.; Thompson v. Buckley, 1 Texas, 33; De Leon v. Owen, 3 Texas, 153; House v. Williams, 40 Texas, 247; Pool v. Wedemeyer, 56 Texas, 287; State v. Thompson, 64 Texas, 690; Turner v. Cross, 83 Texas, 218; Campbell v. Cook, 86 Texas, 630; Cooley on Constitutional Lim., 236 (Seventh Ed.)

In construing an Act of the Legislature, whenever it is found that the Act makes a general provision, apparently for all cases, and at the same time contains a special provision for a particular class of cases, the special provision must govern as to the particular class. Austin v. Cahill, 99 Texas, 172; Bateman v. Maddox, 86 Texas, 546; Campbell v. Wiggins, 85 Texas, 424; Howard Oil Compay v. Davis, 76 Texas, 630; Perez v. Perez, 59 Texas, 322; Warren v. Shannon. 5 Texas, 441; Erwin v. Blanks, 60 Texas, 583; Railway v. Rainbolt, 67 Texas, 654.

The statutory requirements relating to the purchase or lease of the State's lands must be strictly complied with, as a condition precedent to the accrual of any rights thereunder. Luckie v. Watt, 77 Texas, 262; Snyder v. Nunn, 66 Texas, 255; Collyns v. Cain, 28 S. W., 544.

*C. M. Cureton,* Attorney-General, and *W. F. Schenck,* Assistant, for respondent Robison, *W. W. Searcey, Louis Hirsch* and *Allen Hannay,* for respondent Fox; *Carden, Starling, Carden, Hemphill & Wallace,* for respondents Keen and Woolf. *E. T. Townes* and *R. P. Dougherty,* for respondent Humble Oil Co.—In the event that for any reason the rights to operate and develop the area in controversy are not held to be in respondents under and by virtue of the N. O. Jones application, then such rights are shown to be in respondents, under and by virtue of the W. J. Fox application. Chapter 173, Acts of the Regular Session of the Thirty-third Legislature; Vernon's Sayles' Texas Civil Statutes, 1914, art. 5385; Report and opinions of Attorney General, Texas, 1914-1916 page 484.

There is nothing in the Act under consideration to show that the Legislature intended a rule to be applied to islands, salt water lakes, and the other unsurveyed public domain after they had been surveyed and the field notes properly returned to the General Land Office different from that theretofore given to other public land when once surveyed. Headlee v. Fryer, 208 S. W., 216; Roberts v. Terrell, 110 S. W., 734; De Merritt v. Robison, 116 S. W., 796; Harris County v. Hammond, 203 S. W., 448; Moorman v. Terrell, 202 S. W., 728; State v. Houston Oil Co., 194 S. W., 435; Tolleson v. Rogan, 96 Texas, 433.

Said vacant public lands having been once surveyed, and field notes and plat thereof having been returned in to the Land Office and approved by the Land Commissioner, and record thereof made in said office, constitute surveyed lands. Revised Statutes, 1911, article 5278; Revised Statutes, 1911, article 5335; Chapter 137, Acts of the Legislature of 1913, Section 4; Chapter 18, First Called Session of the Legislature of 1913, Sections 3 and 4; Report and Opinions of Attorney General of Texas, 1914-1916, p. 484.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The relator seeks a mandamus to compel the Land Commissioner to issue him a permit under the Act of 1913 (Chapter 173, General Laws of 1913) to prospect for oil and gas upon submerged land belonging to the State in Tabb's Bay in Harris County. The relator's application for the permit was refused by the Commissioner because of an outstanding similar permit covering the same area, issued under the Act of 1913 originally to W. J. Fox. If the permit issued to Fox was valid, the relator is not entitled to a permit. It is contended that the Fox permit is invalid because of its being based upon an application not filed in accordance with the law. Fox, in making his application, treated the area as "surveyed land," within the meaning of the Act of 1913, and filed his application with the county clerk of Harris County. This was proper, if the area was then "surveyed land" within the intendment of the act. Some time prior to the filing of Fox's application, the area had been duly and lawfully surveyed in virtue of a previous application made under the act but upon which no permit issued, the field notes being approved by the Commissioner and filed in the Land Office. As the area had been once lawfully surveyed and its field notes were duly on file in his office, the Commissioner treated it as "surveyed land" within the meaning of the act, and accordingly recognized Fox's application as valid and issued him the permit. Upon the advice of the Attorney General, this construction of the act has governed the Land Office for a number of years.

While the act directs that an application for a permit to prospect in any of the State's bays, lakes, etc., shall be filed with the county surveyor of the county, the only purpose of the requirement is the

ascertainment of the area for which the permit is sought by a proper survey. Upon the filing of such an application, it is accordingly the duty of the county surveyor, under the act, to make the survey and deliver the field notes to the. applicant for filing in the Land Office. Where the area has been thus duly surveyed and the survey approved by the Commissioner and filed in his office, there could be no reason for having it re-surveyed for the purpose of a subsequent permit. The Legislature is not to be credited with an intention to impose any such useless procedure. With such a survey once made, the area becomes "surveyed land" within the meaning of the act. Such is its *status* because it has been "surveyed" in the manner provided by law. This is the common-sense construction of the act, and such, therefore, as should be given it.

The mandamus is refused.