S. Rosa Frank v. J. T. Robison, Commissioner of General Land Office, et al.

No. 4762. Decided June 25, 1928.
(8 S. W., 2nd Series, 653.)

*W. A. Keeling, W. W. Caves,* and *G. B. Smedley,* for relator.

*Smith & Gibson* and *E. F. Smith,* for respondent Robison.

*R. L. Batts* and *Ward & Ward,* for co-respondent Theisen.

Mr. Justice GREENWOOD delivered the opinion of the court.

This is an original suit by relator to require the issuance to her of a permit to prospect for and develop the petroleum and natural gas within the same 2560 acres of land in Crane County on which George W. Theisen sought a permit. Since relator seeks to compel the issuance of a permit in accordance with the terms and provisions of statutes no longer governing minerals in University lands, towit: the Act of 1917 as carried into the Revised Statutes of 1925, the mandamus applied for must be refused, as was this day determined in the case of Theisen v. Robison, Land Commissioner. [Ante, p. 489.]

There is another reason for the refusal of the mandamus to the relator which was correctly set out in the opinion of the Commission of Appeals in this case by Judge Luther Nickels, as follows:

"At the time in question here Crane County was an unorganized county and was attached to Ector County.

"Being qualified, one Henry B. Clark, December 19, 1919, filed with surveyor of Ector County as for Crane County his application for a permit to prospect for petroleum, etc., in a tract of 2560 acres of land in Crane County, described as follows:

" 'Beginning in the northwest corner of block 30 of unsurveyed University Land in Crane County, thence southwardly along the line

dividing Blocks 30 and 31 and at right angles to the northern boundary at Block 30 for 3801.6 varas, thence eastwardly at right angles to the last formed line and parrallel to the aforesaid northern boundary 3801.6 varas, thence northwardly at right angles to the last line 3801.6 varas, thence westwardly at right angles to the last line and running along the northern boundary 3801.6 varas to the place of beginning.'

"March 6, 1920, pursuant to said application, the land called for was surveyed and field notes of the survey prepared and certified by Robert E. Estes, 'licensed state land surveyor.' These field notes were recorded March 20, 1920, in the Surveyor's Records of Crane County.

"June 10, 1920, the Commissioner of the General Land Office issued to Clark oil and gas permit No. 7173 under the purported authority of 'Chapter 83, Act approved March 16, 1917.' In that instrument the field notes prepared and recorded, as stated above, were reproduced in connection with the declaration that Clark had duly presented his application for a permit 'on certain 2560 acres of land, known as Sections 5, 6, 7 and 8, Block 30, University Land, situated in Crane County.' In the permit it is recited also that Clark complied with all the requirements of the statute mentioned.

"The original application of Clark and the original statement of the field notes as certified to by the surveyor and previously recorded in the surveyor's records of Crane County were filed in the General Land Office, April 3, 1920, and these (with the permit) thereby became records of that office. Clark's permit was forfeited.

"Relator Frank and Respondent Theisen are applicants for mineral prospecting permits. Each applied in respect to a certain area of 2560 acres, University Lands, in Crane County; each filed an application with the County Clerk, which application in due course reached the Commissioner and was by him refused. There is now pending in the Supreme Court a cause in which Theisen, as Relator, is seeking to compel issuance of permit to him. In so far as formal requirements of the relevant statutes are concerned, each applicant has complied if the area be 'surveyed land' within the meaning of those statutes and unless Theisen's application is deficient in respects to be noted. His application was filed March 29, 1926, and Relator's on October 25, 1926.

"In our opinion the survey made by Estes pursuant to Clark's application 1919, preparation of field notes thereof, recordation of those field notes in the Surveyor's Records for Crane County, filing

of that application with those field notes as a permanent record of the General Land Office, approval of the field notes by the Commissioner (evidenced, in part, by issuance of a permit thereon) and issuance of Clark's permit made the area 'surveyed land' within the meaning of those statutes. Sibley v. Robison, 110 Texas, 1, 212 S. W., 932. Each application, therefore, was properly filed with the County Clerk (Wagner v. Robison, 109 Texas, 114, 201 S. W., 171), if the Mineral Act of 1917, as substantially re-codified in the Revised Statutes of 1925, is in force. And unless it is in force neither claimant has any rights.

"As between the two, Theisen, being first in time, is first in right, unless his application be void for the reason urged. That reason has to do with the description of the area given in the application as follows:

" '2560 acres in the following sections in Crane County:

| Part | Sections | Block | Grantee | Acres |
|------|----------|-------|---------|-------|
| All | 5 | 30 | University Lands | 640 |
| All | 6 | 30 | University Lands | 640 |
| All | 7 | 30 | University Lands | 640 |
| All | 8 | 30 | University Lands | 640' |

Prior to filing of the application, and prior to Clark's application, certain maps and plats were in use in Crane County and in the General Land Office purporting to show the 'University Lands' in sections and blocks. In the permit issued to Clark in 1920, it will be noted, a certain 2560 acres as surveyed on the ground is described by the Commissioner by field notes and, also, as being Sections 5, 6, 7 and 8, Block 30, University Lands, Crane County. In so far as the present dispute is concerned, we think it must be held that the Commissioner thereby approved the field notes made by Estes (under Clark's application) as being the field notes of that body of surveyed land known generally as the whole of Sections 5, 6, 7 and 8. Upon presentation of an application for a permit, the Commissioner must investigate and determine whether the area called for is rightly subject; in view of his identification (in Clark's permit) of the 2560 acres surveyed by Estes as being Sections 5, 6, 7 and 8, Block 30, Theisen's reference to those Sections would, inevitably, direct his attention to Estes' field notes."

For the reasons given in the opinion of the Court this day delivered in Theisen's case (as well as for the reasons stated by Judge Nickels above), the writ of mandamus applied for by the relator is refused.